473 P.2d 827

Gerald D. SMITH, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona,
Respondent,

Edward J. Veseley (Ed's Servicenter),
Respondent Employer,

State Compensation Fund, Respond-
ent Carrier.

No. I CA-IC 312.

Court of Appeals of Arizona,
Division 1,
Department A.

Sept. 1, 1970.

Strickland, Altaffer, Davis & Eppstein,
by Robert W. Eppstein, Tucson, for peti-
tioner.

Donald L. Cross, Chief Counsel, Phoe-
nix, for The Industrial Commission of Ari-
zona.

Robert K. Park, Chief Counsel, Phoenix,
by Dee-Dee Samet, Tucson, for respondent
carrier.

CAMERON, Judge.

This is a writ of certiorari to review the
lawfulness of an award and findings of the
respondent Industrial Commission of Ari-
zona which held that the petitioner, Gerald
D. Smith, was entitled to compensation for
total temporary disability, but was not en-
titled to an award for permanent disability
and loss of earnings.[1]

We are called upon to determine whether
the award is reasonably supported by the
evidence.

The facts necessary for a determination
of the matter are as follows. Petitioner re-
ceived a serious back injury while serving
overseas with the United States Army in
1958. He suffered an acute herniated in-
tervertebral disc at the L 4–5 level. A large
herniated disc was removed but he still
suffered from sciatic pain and a re-ex-
ploration was made which found the nerve
root was hypermic. He was sent back to
the United States and a lumbarsympa-
thectomy was performed in 1960 at Walter
Reed Hospital.

Petitioner was hired in early 1965 by re-
spondent employer and worked for 15
months in respondent's service station. On
11 April 1966, while bending over to pick
up a money bag, he had a sharp pain in his
back. On examination it was noted he had
sharp tenderness at the dorsal-lumbar junc-
tion and the x-rays showed a mild com-
pression fracture of the 12th dorsal verte-
bra. He was treated at the expense of the
Fund. He was later treated by the Vet-
eran's Administration which treatment in-
cluded an exploratory operation.

Hearings were held at the request of the
petitioner after which, over the objection
of petitioner's attorney, the file was re-

1. This case was decided under the law as it existed prior to 1 January 1969.

viewed by a medical advisory board. The board consisted of five doctors including two orthopedic specialists. The board reported as follows:

"It is the opinion of this Board that the industrial accident of 4–11–66 did not aggravate the applicant's preexisting condition. This is substantiated by the fact that the patient was having symptoms before the injury of 4–11–66. His injury occurred in a different level of the spine than previously. He was better at rest, and his symptoms in his lower back and right leg only became aggravated after he was recovering from the injury to his upper lumbar spine.

"The industrial accident of 4–11–66, in our opinion, did not contribute to the necessity of surgery which the applicant had in November 1966. The above reasons would indicate that the industrial accident did not aggravate the condition and, therefore, did not contribute or aggravate the back sufficient to necessitate surgery. It is felt that his surgery was a direct result of the original injury in November of 1958 and subsequent developments to that time.

"On the basis of the above facts, it is felt that there is no evidence of any permanent disability due to the industrial accident of 4–11–66."

Four of the five members of the medical consultation board were cross-examined at a later hearing at the request of the attorney for the petitioner. Although there is admittedly a conflict in the evidence, we do not feel that the petitioner has sustained his burden of showing that his present disability is the result of his industrial injury. Our Supreme Court has stated:

"* * * Where the result of an accident is not one which is clearly apparent to a layman, such as the loss of a limb or external lesion, the physical condition of an injured employee after an accident and the causal relation of the accident to such condition usually can only be determined by expert medical testimony. * * *" Waller v. Industrial Commission, 99 Ariz. 15, 20, 406 P.2d 197, 200 (1965).

The award is reasonably supported by the evidence.

Award affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.