**240**

501 P.2d 416

James C. WALSH, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

American Buslines, Inc., Respond-
ent Employer,

State Compensation Fund, Respond-
ent Carrier.

No. 1 CA–IC 682.

Court of Appeals of Arizona,
Division 1,
Department A.

Sept. 28, 1972.

Lawrence Ollason, Tucson, for petition-
er.

William C. Wahl, Jr., Chief Counsel,
Industrial Commission of Arizona, Phoe-
nix, for respondent.

Robert K. Park, Chief Counsel, State
Compensation Fund, by Dee-Dee Samet,
Phoenix, for respondent employer and car-
rier.

DONOFRIO, Judge.

This case is before the Court on a writ
of certiorari to review the lawfulness of an
award of The Industrial Commission of
Arizona.

Petitioner suffered a stroke on April 21,
1969 while he was delivering brochures in
the course of his employment. On June 18,
1970 a notice of claim status denying the
claim was issued. Subsequently hearings
were held on October 26, 1970 and March
30, 1971 from which an award denying
compensation was issued on April 9, 1971.
On June 10, 1971 the Industrial Commis-
sion affirmed the decision of the hearing
officer. This appeal followed.

█ It is well settled that the petitioner
must prove by expert medical testimony
the compensability of his claim if the causal
relationship between the injury sustained
and the employment is not clearly apparent
to a layman. Lowry v. Industrial Commis-
sion, 92 Ariz. 222, 375 P.2d 572 (1962);
Gore v. Industrial Commission, 15 Ariz.
App. 347, 488 P.2d 984 (1971).

█ In the instant case two physicians
and two osteopaths testified during the
course of the two hearings. Upon careful
review of the record we are of the opinion
that this case does not present a medical
conflict in the evidence. Rather, the evi-
dence points only to the conclusion that the
stroke was unrelated to the job, notwith-
standing the testimony from the petitioner
that he oftentime worked long hours under
tension. The uncontroverted evidence by
the two physicians was that the stroke suf-
fered by petitioner was caused by a degen-
erative arteriosclerotic condition. Like-
wise, the two osteopaths were unable to
link the stroke to the employment activity

within the bounds of reasonable medical probability.

The award is reasonably supported by the evidence.

Affirmed.

STEVENS, P. J., and CASE, J., concur.