509 P.2d 610

Bernice M. CHALUPA, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

J. C. Penney Co., Respondent Employer,

Travelers Insurance Co., Respond-
ent Carrier.

No. 10973–PR.

Supreme Court of Arizona,
In Banc.

May 7, 1973.

Langerman, Begam & Lewis, P. A. by
Jack Levine, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel
The Industrial Commission of Arizona,
Phoenix, for respondent.

Burch, Cracchiolo, Levie, Guyer & Weyl
by Joseph L. Moore, Phoenix, for respond-
ent employer and respondent carrier.

Daughton, Feinstein & Wilson by Allen
L. Feinstein, Phoenix, for amici curiae
Arizona Assn. of Naturopathic Medicine;
Chiropractic Physicians Ass'n of Arizona,
Arizona Chiropractic Ass'n.

Snell & Wilmer, by Paul V. Wentworth,
Phoenix, for amicus curiae Arizona Medical
Ass'n.

CAMERON, Vice Chief Justice.

This is a petition for review of an opin-
ion of the Court of Appeals, Division One,
Department B, affirming a previous award
of the Industrial Commission of Arizona.

We consider only one question and that is
the extent to which a duly licensed chiro-
practor and naturopath may testify as an
expert in an Industrial Commission hearing.

The facts necessary for a determination
of the matter on appeal are as follows. On

25 November 1969, the petitioner, Bernice M. Chalupa, sustained an injury when she fell from a chair in which she was seated while working. Dr. Victor Haag, a chiropractor and naturopath, treated the petitioner from December until May when she left on a trip to Washington, D. C. While in Washington she either lost the support of her left leg or slipped while crossing a street and sustained a serious fracture to her right kneecap.

Petitioner applied for compensation and was referred to an orthopedic surgeon who examined the petitioner in April of 1970.

After the insurance carrier issued a notice terminating compensation benefits, petitioner filed a request for hearing which was held 16 December 1970. At the hearing, Dr. Haag the chiropractor and naturopath testified as to petitioner's complaints of pain in the neck, lower back, and right hand and he added his opinion that these symptoms he was treating were "to a reasonable degree of probability" caused by the injuries she received in her industrial accident. Later in the hearing Dr. Haag was asked his "medical" opinion as to the likely cause of petitioner's leg buckling under her in Washington. Dr. Haag replied that he thought it probable that such a fall could have been the result of an instability of the legs due to the lumbar strain. He also testified that he had observed this instability during his treatment of petitioner.

■ Dr. Johnson, the orthopedic surgeon, testified that petitioner suffered no disability at the time of his April, 1970, examination and no residual injuries which he could relate to the industrial accident. Asked his medical opinion as to whether the industrial accident could have been a causative factor in the Washington, D. C., fall, Dr. Johnson's reply was: ·

"Well, I found no evidence of any residual on April 30th, 1970, and I would not expect any residual to occur after that if I did not find any residual at that time."

The Industrial Commission found that the petitioner had no permanent disability and the Court of Appeals affirmed. We agree with the decision of the Court of Appeals affirming the award as we believe the award was reasonably supported by the evidence.

We granted this petition for review solely to correct what we believe to be an incorrect statement of law limiting the allowable testimony of chiropractors or naturopaths in an Industrial Commission hearing. The decision of the Court of Appeals stated:

" * * * while a chiropractor or naturopath may give testimony as to observable facts within his realm of knowledge and training, any other testimony he might offer which takes the form of medical conclusions (as to causation or disability, for example) cannot be regarded as expert medical testimony."

■ While doctors with unlimited licenses are competent to give expert testimony in the entire medical field, a chiropractor or naturopath is a competent expert witness only in the limited field in which he is licensed by the State. Lowman v. Kuecker, 246 Iowa 1227, 71 N.W.2d 586, 52 A.L.R.2d 1380 (1955). Our statute reads as follows:

"A person licensed under this chapter to practice chiropractic may adjust by hand any articulations of the spinal column. He shall not prescribe for or administer medicine or drugs, practice major or minor surgery, obstetrics or any other branch of medicine or practice osteopathy or naturopathy unless he is otherwise licensed therefor as provided by law. As amended Laws 1959, Ch. 124, § 6." § 32–925 A.R.S.

■ While we agree that a chiropractor is limited as an expert witness to his field of endeavor only, we do not believe that a statute which allows him to manipulate or treat by hand articulations of the spinal column denies him the right to diagnose the reasons for that treatment. We believe that he is a competent witness to testi-

fy as to causation of any abnormalities of the spine.

We agree with the Tennessee court which has stated the distinction between what a chiropractor may testify to and to what he may not as follows:

" * * * It seems the general rule in a number of other states is that a chiropractor is competent to testify as an expert as to "matters within the limited scope of his profession. Anno., 52 A.L.R. 2d 1384. Our statute (T.C.A. § 63–401) defines 'chiropractic' as 'the science of palpatating, analyzing, and adjusting the articulations of the human spinal column and adjacent tissues by hand.'

"So we thing this witness was competent to testify as to the nerve interference in Ward's spine, the subluxations of his vertebrae, and the abnormal curvature of the spine. He was also competent to express an opinion as to the probable causes and effects of these injuries. He did testify as to these matters, within the scope of his profession, and his testimony as to such matters tended to support the case for complainant Ward.

"We think, however, he was not competent to testify as an expert as to occupational diseases, or as to whether Ward had silicosis, these being matters outside the scope of chiropractic * * *. Wilson v. Van Buren County, 196 Tenn. 487, 492, 268 S.W.2d 363." Ward v. North American Rayon Corporation, 211 Tenn. 535, 366 S.W.2d 134, 139 (1963). See also Watson v. Ward, Tex.Civ.App., 423 S.W.2d 457 (1967).

Nothing we say here should restrict the right of the trier of fact in the weight that he wishes to give to the various experts that testify before him. All we say is that a chiropractor or naturopath is a competent witness in an Industrial Commission hearing within the realm of his knowledge and training as licensed by the State.

So much of the opinion of the Court of Appeals restricting the testimony of a chiropractor to observable facts only is set aside, the award of the Industrial Commission is affirmed, and the decision of the Court of Appeals is otherwise affirmed.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD, and HOLOHAN, JJ., concur.