533 P.2d 678

ESTES CORPORATION, Petitioner Employer,

The Home Insurance Company, Petitioner Carrier,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Donald W. Crump, Respondent Employee.

No. 1 CA–IC 1086.

Court of Appeals of Arizona, Division 1, Department C.

April 3, 1975.

Rehearing Denied April 30, 1975.

Review Denied June 3, 1975.

Everett, Bury & Moeller, P. C. by J. Michael Moeller, Tucson, for petitioners employer and carrier.

Edward F. Cummerford, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Davis & Eppstein by Robert W. Eppstein, Tucson, for respondent employee.

## OPINION

NELSON, Presiding Judge.

Respondent, Donald W. Crump (Crump), on December 13, 1972, while employed as a carpenter by Estes Corp., attempted to lift into place a door frame he was constructing. He experienced a sharp pain in his back. Shortly thereafter he was observed by numerous people to be in obvious pain and was subsequently unable to continue working. On March 2, 1973, Crump filed a claim for workmen's compensation benefits. The insurance carrier denied his claim by Notice of Claim Status, stating there was insufficient evidence to establish compensability. A formal hearing was requested and held on August 2, 1973, on the issue of compensability. Thereafter the hearing officer awarded, and the Industrial Commission affirmed on review, accident benefits and compensation for temporary disability. The insurance carrier and the Estes Corporation then filed with this Court a Petition for Writ of Certiorari to review the lawfulness of this award.

Petitioners present two questions for this Court to consider. The first question involves whether Crump met his burden of proof in establishing a causal connection between the industrial episode of lifting the door frame and the disabling condition of his back thereafter, diagnosed by Crump's chiropractor, Dr. Charles E. Wing, as a "sacroiliac slip-rotation lower lumbar vertebrae".

Petitioners primarily base their argument that Crump failed to prove the requisite causal connection on the fact that no medical evidence on the issue of causation was presented by Crump. They argue that the absence of medical testimony in this case is fatal because evidence was elicited at the hearing that Crump had a preexisting back condition which could cause his back to "go out" at any time, irrespective of the activity he was engaged in. This evidence, petitioners argue, distinguishes Crump's case from the Arizona decision which holds that medical evidence is not always required to establish causation if evidence is clear that an accident occurred, that the claimant had no back problems prior thereto, and that he suffered back problems thereafter. That case, State Compensation Fund v. Mohrman, 18 Ariz.App. 447, 503

P.2d 405 (1972), was relied upon by the hearing officer in this matter, and such reliance, petitioners assert, was improper. Petitioners argue that reliance should have been placed on the series of Arizona cases holding that "where the result of an accident is not one which is clearly apparent to a layman, such as the loss of a limb or external lesion, the physical condition of an injured employee after an accident and the causal relation of the accident to such condition must be determined by expert medical testimony." McNeely v. The Industrial Commission of Arizona, 108 Ariz. 453, 501 P.2d 555 (1972); Chalupa v. The Industrial Commission of Arizona, 17 Ariz.App. 386, 498 P.2d 228 (1972), modified, 109 Ariz. 340, 509 P.2d 610 (1973); Walsh v. The Industrial Commission of Arizona, 18 Ariz.App. 240, 501 P.2d 416 (1972); Smith v. The Industrial Commission of Arizona, 13 Ariz.App. 25, 473 P.2d 827 (1970). Petitioners specifically cite Garcia v. Industrial Commission of Arizona, 12 Ariz. App. 19, 467 P.2d 94 (1970); Chalupa v. The Industrial Commission of Arizona, supra, and Everett v. The Industrial Commission of Arizona, 3 Ariz.App. 145, 412 P.2d 487 (1966), as being particularly on point and persuasive here. However we believe the facts in the *Mohrman* case to be the more analogous to the present one and hold that reliance by the hearing officer thereon was proper.

In 1966 or 1967, Crump, while working in Arkansas, sustained an injury to his back. The nature of the injury in that unrelated accident was, according to Crump's testimony, a pulled muscle in the right side of his back. This injury continued to give Crump problems for a period of approximately six months thereafter, to the extent that on several occasions during that six-months period his back would seem to give out, causing him to fall, though no stress or strain had been applied to the back. This is the evidence which petitioners herein refer to as supportive of their contention that the 1972 incident was an idiopathic occurrence wholly unrelated to the activity of lifting the door frame.

■ Although Crump testified that this sort of incident occurred during the six-months period following the earlier injury, he also specifically testified that he had experienced no similar difficulties since that time, some five years prior to the accident here for review. This testimony was corroborated by Crump's son, his co-workers and supervisory personnel, all of whom likewise testified that Crump's work had at all times been adequate and productive, and performed without indication of any physical disability. The testimony about back problems clearly related to a six-month period which occurred several years prior to the 1972 incident. Although this evidence might raise the inference that a causal connection exists between Crump's present condition and his earlier industrial accident, it does not, as petitioners urge, compel that conclusion.

■ The hearing officer's conclusion that the back injury was an industrially-related accident arising out of and in the course of employment within the meaning of A.R.S. § 23–1021 is not unsupportable without medical testimony merely because there was lay evidence of back problems during a six-month period five or six years prior to the disabling injury in question. *Mohrman,* supra.

■ Petitioners also assert that on two occasions some seven or eight months prior to the December incident, Crump visited a chiropractor for "adjustments". They maintain that these visits were in fact for Crump's back. Crump testified, however, that he believed in the beneficial effects of chiropractic treatment. He further testified that he went to a chiropractor regularly, as did many of the members of his church (the Worldwide Church of God), who share in common the belief that treatment by medical practitioners is wrong if it involves injection or surgery or other interruption of the integrity of the body. While other inferences might have been drawn from the fact of Crump's prior visits to a chiropractor, in view of the totality of testimony, we don't believe the hearing

officer erred in failing to draw the inferences which petitioners urge.

Petitioners' final contention presented in support of their first argument that a causal connection was not established by the claimant involves certain statements made by Crump and by his son on the day of the lifting incident. The foreman who supervised Crump testified that Crump described his condition on the day of the occurrence as "just one of those old things." The jobsite superintendent testified that when he told Crump's son to have his father fill out an accident report, the son replied that it would not be necessary because "This is something that occurs to Dad quite often. That happened to him in Arkansas." And a fellow employee testified that when he told Crump to fill out an accident report so the company would pay for the chiropractor's treatment, Crump said no, that this was an old injury, and that he had his own chiropractor whom he would see.

 Accepting that these statements were made on the day of injury does not compel the conclusion urged by petitioners that the back injury was unrelated to the industrial episode. Whether the injury was related in the claimant's own mind to the injury he had suffered five or six years previously, is not determinative of whether in fact legal causation attached to the 1972 incident. The facts to which Crump testified, not the conclusions he reached therefrom, must be considered.

"[I]n the field of Workmen's Compensation, the employer takes his employee as he is. In legal contemplation, if an injury, operating on an existing bodily condition or predisposition, produces a further injurious result, that result is caused by the injury." Murray v. Industrial Commission of Arizona, 87 Ariz. 190 at 199, 349 P.2d 627 at 633 (1960). Accord, Aetna Casualty & Sur. Co. v. The Industrial Commission of Arizona, 17 Ariz.App. 137, 495 P.2d 1344 (1972).

The concept of legal causation is clearly different from the layman's concept of causation. In this case we must look to the evidence to determine whether it was sufficient to establish causation, and that determination must be made either in accordance with the standard set forth in the *Mohrman* case, supra, relied upon by Crump and the Industrial Commission, or with those set forth in the cases principally relied upon by petitioners infra.

The court stated in *Mohrman*, supra:

"It is the question of causation which is established by lay testimony, and the lack of expert medical testimony as to causal relationship does not estop the Commission from reaching a logical conclusion that the lifting accident resulted in the complained of injury." 18 Ariz.App. at 450, 503 P.2d at 408.

 The case clearly stands for the proposition that it is within the province of the hearing officer to draw a conclusion as to causation even where there is no medical testimony on that issue, if there is other evidence which would reasonably support his conclusion. The case does not say, as petitioners contend, that the hearing officer may make such findings only if that conclusion is the only one which could possibly be drawn from the facts; it does not change the standard that the findings and award be "reasonably" supported by the evidence. Waller v. The Industrial Commission of Arizona, 99 Ariz. 15, 406 P.2d 197 (1965). This is the standard which we must apply in reviewing the award of the Industrial Commission in this case, and we find that the evidence does reasonably support the finding of legal causation.

 There was credible evidence that for several years prior to the incident in question Crump was able to perform his job without difficulty. He experienced immediate pain in lifting a door frame while at work, which painful state was obvious to those who saw him that day. Thereafter, he went to a chiropractor. A chiropractor is qualified to give testimony as to observable facts within his realm of knowledge and training, and may diagnose the

reasons necessitating the treatments he gives. Chalupa v. The Industrial Commission of Arizona, supra. The chiropractor stated in his report that Crump had a sacroiliac sliprotation lower lumbar vertebrae. This evidence, in toto, was sufficient to support the conclusion of the Industrial Commission that a causal connection existed between Crump's industrial accident on December 13, 1972, and his back condition thereafter.

In Garcia v. Industrial Commission of Arizona, supra, the factual situation was very weak. The claimant merely said he thought he had hurt his back, but did not say how he had done so; the X-rays taken immediately after the incident revealed no abnormality and the hospital report listed as the only symptoms the claimant's subjective complaints. Based upon these facts the Commission found that the claimant had failed to sustain his burden of proof. This Court affirmed that award because of a conflict in the evidence. The case thus set no new or unique standards peculiarly applicable to back cases, nor did it change the rule that this Court must affirm the award of the Commission if there is reasonable evidence to support it.

In Chalupa v. The Industrial Commission of Arizona, supra, we held that medical testimony was required to establish causal connection. In that case medical evidence was the only possible way to have established causation. The claimant had been injured in an industrial accident in 1969 when she missed her chair as she sat down, falling on her coccyx. Then in 1970 she slipped and injured her knee which she claimed was causally connected in the earlier injury. Such a causal connection would not be one which could be established by logical inference from a sequence of events. The case at bar does not involve such a tenuous or conjectural causal connection carrying with it the absolute indispensability of medical testimony.

Everett v. The Industrial Commission of Arizona, supra, again was merely a case where there was a conflict in the evidence, which the Commission resolved against the claimant, and which this Court affirmed on review, stating that the evidence was to be considered in a light most favorable to sustaining the award.

The *Mohrman* case and those relied upon by petitioners thus are not conflicting. They consistently hold that an award of the Commission, whether granting or denying compensation, must be viewed by this Court in a light most favorable to sustaining that award; that the claimant has the burden of proving all of the elements of his claim, including that of legal causation; and that medical evidence is absolutely necessary on the legal causation issue if such causation cannot be logically inferred from the sequence of events and lay testimony presented, but is not absolutely necessary in cases where the Commission's conclusion is logical and reasonably supported by the evidence.

The second issue raised by petitioners involves whether Crump's failure to go to the company doctor, Dr. Seneca L. Erman, on the day of the accident is fatal to his claim under A.R.S. § 23–908.E.[1] We do not believe that it is.

1. A.R.S. § 23–908.E., as amended Laws 1973 Ch. 133, § 18, provides:

"E. When an accident occurs to an employee, the employer may designate in writing a physician chosen by the employer, who shall be permitted by the employee, or any person in charge of the employee, to make *one examination* of the injured employee in order to ascertain the character and extent of the injury occasioned by the accident. The physician so chosen shall forthwith report to the employer, the insurance carrier and the commission the character and extent of the injury as ascertained by him. If the accident is not reported by the employee or his physician forthwith, as required, *or if the injured employee or those in charge of him refuse to permit the employer's physician to make the examination*, and the injured employee is a party to the refusal, no compensation shall be paid for the injury claimed to have resulted from the accident. The commission may relieve the injured person or his dependents from the loss or forfeiture of compensation if it believes after investigation that the circumstances attending the failure on the part of the employee or his physician to report the accident and injury are such as to have excused them." (*Emphasis added.*)

Prior to the day of Crump's accident the company informed all employees, including Crump, that in the event that they were injured on the job, they should go to the company physician, Dr. Erman, for examination or treatment. Although aware of this directive, Crump did not attempt to see Dr. Erman on the day of his injury, but went instead directly to his own chiropractor, Dr. Wing, whom he has continued to see since the accident. Excepting the general notice made to all employees, Crump was never personally directed to see Dr. Erman for an examination, though he did indicate prior to and at the time of the hearing, his willingness to submit to examination by any doctor whom the company designated. The company made no such request of him.

A.R.S. Section 23–908.E does not preclude an injured employee from seeking treatment by his own physician at the time the injury occurs; it merely allows the company to have its own physician examine the injured employee *one time* for the purpose of determining "the character and extent of the injury." The purpose of this statute is not to limit the injured employee in his choice of treating doctors, but to protect the employer from erroneous or distorted claims about what injuries' were suffered. This purpose would have been served by an examination of Crump within a reasonable time subsequent to the day of injury, and to read A.R.S. § 23–908.E as requiring that the examination be submitted to immediately upon receiving the injury, before even seeking treatment and while in obvious pain from the injury, would give to the statute an effect clearly not intended by the legislature. The fact that Crump, at all times subsequent to the accident, was willing to submit to examination by a doctor designated by the company, removes this case from the operation of A.R.S. § 23–908.E.

The award of the Commission is affirmed.

STEVENS and WREN, JJ., concur.