617 P.2d 538

Milfred C. HOOPER, Petitioner,

v.

INDUSTRIAL COMMISSION OF
ARIZONA, Respondent,

Mesa Unified School District # 4,
Respondent Employer,

State Compensation Fund, Respondent
Carrier.

No. 1 CA–IC 2142.

Court of Appeals of Arizona,
Division 1,
Department C.

July 3, 1980.

Johnson, Shelley & Roberts, by J. Robert
Tolman and Udall, Shumway, Blackhurst,
Allen, Bentley & Lyons, P. C., by Gary L.
Lassen, Mesa, for petitioner.

Calvin Harris, Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel, State
Compensation Fund, by Courtney L. Varner, Phoenix, for respondent carrier.

OPINION

DONOFRIO, Judge.

In this Special Action–Industrial Commission, petitioner Milfred C. Hooper challenges the hearing officer's determination
that he had failed to show a compensable

mental condition related to the industrial injury compensable under Arizona Workmen's Compensation Law. We set aside the award because we have decided that the hearing officer incorrectly refused to consider the testimony of a licensed clinical psychologist on the question of petitioner's mental condition as relating to the industrial injury.

Petitioner injured his back in an industrial accident on March 5, 1977 while working for respondent employer Mesa Unified School District # 4. His Workmen's Compensation claim was accepted by respondent carrier, State Compensation Fund. On April 7, 1978 the carrier terminated petitioner's benefits by notice of claim status which stated that petitioner's condition was stationary with no permanent disability. Petitioner requested a hearing and formal hearings were conducted before the Industrial Commission.

On October 26, 1978, the hearing officer rendered a decision upon hearing and findings and award for temporary disability. The hearing officer determined that petitioner's physical condition was stationary with no permanent impairment and that petitioner had failed to show a compensable mental condition causally related to the industrial accident. Petitioner sought administrative review, then brought the matter before this court by special action.

Petitioner argues on review that the hearing officer incorrectly refused to consider the testimony of Leo Munoz, Ph.D., a practicing psychologist, on the basis of this court's opinion in *Bilbrey v. Industrial Commission*, 27 Ariz.App. 473, 556 P.2d 27 (1976). In *Bilbrey* we reiterated that Arizona requires expert *medical testimony* in order to prove the causal relationship between a mental disability and an industrial injury. At the time of that decision A.R.S. § 32-2084, which established the requirements for licensing and regulation of psychologists, stated that psychologists were not authorized to engage in any manner in "the practice of medicine as defined by the laws of this state." We then, in *Bilbrey*, looked to the definition of "the practice of medi-

cine" found in A.R.S. § 32-1401(9). The pertinent part of that statute defined the practice of medicine as "diagnosis treatment or correction of ... all human diseases, injuries, ailments or infirmities whether physical or mental, organic or emotional ...." We reasoned that, under the statutes cited, the testimony of a psychologist could not be viewed to be "medical" testimony as required to establish a causal relationship between a mental condition and an industrial injury. We distinguished *Chalupa v. Industrial Commission*, 109 Ariz. 340, 509 P.2d 610 (1973). In *Chalupa* the Supreme Court held that a chiropractor was competent to testify as to the causation of abnormalities of the spine because such area was within the "limited field in which he is licensed by the state." Noting that A.R.S. § 32-925 allowed chiropractors to "adjust by hand any articulation of the spinal column" the court reasoned that chiropractors would be considered competent to diagnose conditions which required such treatment and to testify as to their causes. Since there was no similar authorization in statutes governing the practice of psychology, this court found that *Chalupa* was not controlling by analogy.

We now find that *Bilbrey v. Industrial Commission, supra,* is no longer controlling in light of a subsequent change in A.R.S. § 32-2084. That section which was modified by legislation in 1977, now provides:

No provision of this chapter shall authorize any person to engage in any manner in the practice of medicine as defined by the laws of this state, except that any person certified by the provisions of this chapter shall be permitted to diagnose, treat, and correct human conditions ordinarily within the scope of the practice of a psychologist.

A.R.S. § 32-2084, *id.* still restricts psychologists from the practice of medicine *except* in the limited area of diagnosis, treatment and correction of mental and emotional conditions that are ordinarily within the scope of the practice of a psychologist. It is not argued in this case that the mental condition of petitioner Hooper is

outside the scope of the practice of a psychologist and that Dr. Munoz would not be permitted to diagnose, treat and correct it. We now hold that analogous to *Chalupa v. Industrial Commission, supra,* a licensed clinical psychologist is competent to testify as to the causal relationship between an industrial injury and a mental condition which falls within the scope of the practice of a licensed psychologist under the statute. Since by statute psychologists are entitled to diagnose, treat and correct mental conditions within their field it follows that they are also competent to testify regarding the causes of such conditions.

In the award, the hearing officer attempted to construe the revised version of A.R.S. § 32–2084, *supra,* to entitle licensed psychologists to treat mental "conditions" only. The treatment of mental "illnesses," the findings infer, are still limited to the purview of licensed medical doctors pursuant to A.R.S. § 32–1401(9).[1] The hearing officer then found that mental "illnesses" only are compensable and that psychologists are not competent to testify regarding the etiology of mental "illnesses."[2]

We disagree with the hearing officer's reasoning in two respects. First, we find no support in Arizona law for the conclusion that where a disabling mental condition is shown to be causally related to an industrial injury that it is compensable only if it bears a definition of "disease or illness" as opposed to any other label. As pointed out by the petitioner the Arizona cases have used the terms disease, condition, disability interchangeably in discussing the compensability of mental conditions alleged to be causally related to industrial

injury. *See: Taiman v. Provincial Homes,* 94 Ariz. 165, 382 P.2d 573 (1963), ("psychological disablement," "disabling mental disorder"); *Fireman's Fund Insurance Co. v. Industrial Commission,* 119 Ariz. 51, 579 P.2d 555 (1978), ("disabling nervous condition"); *Bilbrey v. Industrial Commission, supra* ("mental disability"). Further, we do not agree that A.R.S. § 23–901(9) supports this conclusion of the hearing officer. That provision states:

9. "Personal injury by accident arising out of, and in the course of employment" shall be defined as:

(a) Personal injury by accident arising out of, and in the course of employment, or

(b) An injury caused by the wilful act of a third person directed against an employee because of his employment, but does not include a disease unless resulting from the injury, or

(c) An occupational disease which is due to causes and conditions characteristic of and peculiar to a particular trade, occupation, process or employment, and not the ordinary diseases to which the general public is exposed, and subject to the provisions of § 23–901.01.

Although section c of the statute uses the term disease in referring to occupational disease claims, we find no support in the statute for a conclusion that all compensable mental or physical conditions must carry the label disease or illness before they are compensable as Workmen's Compensation claims.

Secondly, we do not accept the hearing officer's theory that mental illness or

---

1. That statute provides:

   "Practice of medicine," which shall include the practice of medicine alone, the practice of surgery alone, or both, means the diagnosis, treatment or correction of, or the attempt to, or the holding of oneself out as being able to diagnose, treat or correct any and all human diseases, injuries, ailments or infirmities, whether physical or mental, organic or emotional, by any means, methods, devices or instrumentalities, except as the same may be among the acts or persons not affected by this chapter.

2. Finding number 10 of the award states:

It is clear that mental illness or mental disease, when the outgrowth or sequellae of the traumatic industrial injury, are compensable claims under the Arizona Workmen's Compensation law. *See Murray v. Industrial Commission,* 87 Ariz. 190, 349 P.2d 627 (1960), where it was held that if an injury causes a disabling mental disease claimant is entitled to benefits. However, no cases can be found that permit Workmen's Compensation awards where a psychological condition or disorder which does not amount to a mental disease. *See also* A.R.S. § 23–901(9).

disease, per se, is not within the scope of the practice of a licensed psychologist. This conclusion may have been reached by the hearing officer by comparing the term "human conditions," found in A.R.S. § 32–2084, *supra*, with the phrase "human diseases, injuries, ailments or infirmities, whether physical or mental, organic or emotional," found in A.R.S. § 32–1401(9), *supra* note 1, the provision which defines "the practice of medicine." We differ with the hearing officer that the human conditions within the scope of the practice of the psychologist referred to in A.R.S. § 32–2061 are exclusive of those conditions referred to as mental or emotional diseases, injuries or ailments or infirmities in A.R.S. § 32–1401(9). Rather, we believe that A.R.S. § 32–2084 recognizes that within the limited field in which he is licensed by the state, the psychologist can diagnose, treat and correct mental or emotional conditions which may also be within the scope of medical practice of a licensed psychiatrist.

For the reasons stated above, the award is set aside.

JACOBSON, P. J., and OGG, JJ., concur.