No. 87-451

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

L. C. WEIS,

             Plaintiff and Appellant,

    -vs-

THE DIVISION OF WORKERS'
COMPENSATION OF  THE DEPARTMENT
OF LABOR & INDUSTRY, an agency of
the State of Montana,

             Defendants and Respondents.

---

APPEAL FROM:  District Court of the Second Judicial District,
                 In and for the County of Silver Bow,
                 The Honorable Frank Davis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Burgess, Joyce & Whelan; Frank Burgess and Thomas F.
        Joyce argued, Butte, Montana

    For Respondent:

        Steven J. Shapiro argued, Helena, Montana

---

                      Submitted:  May 10, 1988

                        Decided:  June 7, 1988

Filed:  JUN 7 1988

*Ethel M. Harrison*
—————————————————
               Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.


Weis, a chiropractic doctor licensed in the state of Montana, appeals the declaratory judgment entered by the Second Judicial District Court, Silver Bow County, finding that the Division of Workers' Compensation properly exercised its delegated authority by enacting administrative rule 24.29.806, A.R.M. (1986). This rule restricts medical evaluation of a physical impairment to those with a doctor of medicine (M.D.) degree.

We affirm.

The issues raised and argued on appeal are:

1. Whether the Montana state legislature intended to restrict the making of an "impairment rating" to licensed medical physicians (M.D.'s) by enacting § 37-71-122, MCA (1985)?

2. Whether the District Court erred in finding that the Division of Workers' Compensation properly exercised its rulemaking authority when promulgating administrative rule 24.29.806, A.R.M., which restricts medical evaluations of a physical impairment to those who hold a doctor of medicine (M.D.) degree and are licensed as a physician to practice medicine in the state of Montana?

In 1972, the Division of Workers' Compensation enacted what is now rule 24.29.806, A.R.M. This rule provides that "[m]edical evaluations to determine physical impairment shall only be done by qualified medical physicians," and that the Division must be advised of "all evaluations of impairment by physicians." An impairment rating is a medical determination of a person's physical limitations caused by an injury and which helps to establish a person's benefits under the

Workers' Compensation program. As initially enacted, the terms "medical doctors" and "doctors" were used instead of physicians.

In 1981, the Montana state legislature enacted §§ 39-71-121 and -122, MCA, which define disability and impairment as they are used in determining whether a person has suffered a compensable, work related injury. The essential difference between the two definitions for the purpose of this action is that "[a]n impairment rating is purely a medical determination" whereas "[d]isability is not a purely medical condition." The 1987 Montana state legislature repealed these two definitional statutes and in their place enacted §§ 39-71-701, -702 and -703, MCA, which continues to provide that the determination of the three types of disability--temporary total, permanent total and permanent partial--must be supported by a preponderance of "medical evidence."

From December, 1972, when the rule first went into effect, until December 14, 1982, when the Workers' Compensation Court decided Rookhuizen v. Pierce Packing Co., Docket No. 382-118, chiropractors rated impairments of injured workmen. In Rookhuizen, the Workers' Compensation Court held that "[a]n impairment rating is a medical determination and only a person licensed to practice medicine can make a medical determination" (emphasis in original). Docket No. 382-118, at 6. The court thus held that since § 37-12-102, MCA, declares that a chiropractor does not practice medicine and § 37-12-104(1), MCA, forbids a chiropractor from practicing medicine, a chiropractor cannot render an impairment rating. Docket No. 382-118, at 9. As a result of the Rookhuizen decision, the Division of Workers' Compensation and the Workers' Compensation Court refuses to accept impairment ratings from chiropractors. Weis, a

- 3 -

chiropractor licensed in the state of Montana, appealed this decision in District Court in June, 1986.

The dispositive issue in this case is whether the Montana state legislature intended to restrict the making of an "impairment rating" to licensed medical physicians (M.D.'s) by enacting § 39-71-122, MCA? Upon review of the statutes and legislative history, we hold that the legislature did intend for only licensed medical physicians to render the impairment ratings necessary for an injured worker to recover under the Workers' Compensation program.

In 1986, when this action was filed, the statute in effect was § 39-71-121, MCA, which stated "[a]n impairment rating is purely a medical determination." The legislature repealed this statute in 1987. The applicable statutes in effect now are §§ 39-71-701, -702 and -703, MCA, which require that disabilities be supported by a "preponderance of medical evidence." Despite the changes in the statutes, the dispositive issue of whether the legislature intended to restrict the making of impairment ratings to licensed medical physicians by the use of the word "medical" is still before this Court.

When interpreting the word "medical" in the above statutes, this Court must adhere to the legislative intent to determine whether "medical" includes only licensed medical physicians or, as Weis argues, whether it includes everyone trained in treating body or mental disorders, which would necessarily include, for example, chiropractors, osteopaths and optometrists. See Section 1-2-102, MCA; Montana Tavern Ass'n. v. State ex rel. Dept. of Revenue (Mont. 1986), 729 P.2d 1310, 1316, 43 St.Rep. 2180, 2185; Missoula County v. American Asphalt, Inc. (Mont. 1985), 701 P.2d 990, 992, 42 St.Rep. 920, 922.

The first step in determining the legislative intent is to examine the plain meaning of the words used in the statute. Montana Tavern Ass'n., 729 P.2d at 1316, 43 St.Rep. at 2185; Missoula County, 701 P.2d at 992, 42 St.Rep. at 922; State ex rel. Sol v. Bakker (1982), 199 Mont. 385, 390, 649 P.2d 456, 459. Webster's Dictionary defines medical as "of, relating to, or concerned with physicians or the practice of medicine." Webster's Ninth New Collegiate Dictionary 737 (1984). Upon reviewing § 37-12-104, MCA, which addresses the rights and limitations governing the practice of chiropractic, the definition of "medical" appears clearer. This statute specifically states that chiropractors "shall not in any way imply that they are regular physicians or surgeons. They shall not . . . practice medicine or surgery or osteopathy . . . ." Section 37-12-104(1), MCA. The plain meaning of the word as defined by Webster in conjunction with § 37-12-104(1) makes it clear that legislators intended to allow only licensed medical physicians to render impairment ratings.

The legislative history further supports this conclusion. In 1981, Senator Bill Norman introduced Senate Bill 128 and stressed that "[i]t is necessary to understand the concept of impairment. This is a medical determination.. . ." House Labor and Employment Relations Committee Minutes, at 1 (February 17, 1981). In 1987, Senate Bill 315 was introduced primarily to help "to insure that the workers' benefits are provided swiftly and surely . . .." Senate Business and Labor Committee, at 1 (March 9, 1987). During the March 9 meeting of the Senate's Business and Labor Committee, a representative of the Montana Chiropractor Association supported reformation of Montana's Workers' Compensation laws but suggested an amendment to the bill to allow other health care professionals, not just

medical doctors, to render impairment ratings. The Association's representative recognized that the bill as written allowed only medical doctors to render impairment ratings and therefore suggested an amendment that would, for example, replace "physician" with "primary health care provider" and define "medical evidence" as "the testimony of a physician or other licensed practitioner of one of the healing arts." Senate Business and Labor Committee, Exhibit 5 (March 9, 1987).

The legislators had these proposed amendments before them but chose not to incorporate the suggested changes of the Montana Chiropractor Association in the enacted version of Senate Bill 315. The legislative history of this bill thus further supports our conclusions that the word "medical" in this instance refers only to licensed medical physicians. The interpretation of 'medical' as used in this statute does not, as Weis argues, prevent injured claimants from seeking treatment from a chiropractor, osteopath, or other licensed practitioner engaged in the healing arts.

The second issue raised and argued on appeal is whether the District Court erred in finding that the Division of Workers' Compensation properly exercised its rulemaking authority when promulgating administrative rule 24.29.806, A.R.M. (1986). This rule restricts medical evaluations of a physical impairment to those who hold a doctor of medicine (M.D.) degree and are licensed as a physician to practice medicine in the state of Montana. When interpreting a statute, this Court will give deference to the agency charged with its interpretation, unless the interpretation produces an absurd result. Montana Tavern Ass'n., 729 P.2d at 1316; State ex rel. Dept. of Highways v. Midland Materials Co. (1983), 204 Mont. 65, 70, 662 P.2d 1322, 1325. As evident from the foregoing discussion, the Division of Workers'

Compensation interpretation of rule 24.29.806, A.R.M., is not absurd. After consideration of the legislative intent and the plain meaning of the word "medical," we hold that the District Court did not err in finding that the Division of Workers' Compensation properly enacted administrative rule 24.29.806.

Affirmed.

_____
                                    Justice

We Concur:

_____
            Chief Justice

_____

_____

_____

_____
            Justices

- 7 -