No. 89-013

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

JERRY WACKER,

> Plaintiff and Appellant,

-vs-

PARK RURAL ELECTRIC CO-OPERATIVE, INC.,

> Defendant and Respondent.

APPEAL FROM: District Court of the Sixth Judicial District,
In and for the County of Park,
The Honorable Byron Robb, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Karl Knuchel, Livingston, Montana

For Respondent:

Arnold Huppert, Jr.; Huppert & Swindlehurst,
Livingston, Montana

Submitted on Briefs: Aug. 17, 1989

Decided: October 31, 1989

Filed:

_____
Clerk

FILED
'89 OCT 31 AM 9 54
ED SMITH, CLERK
MONTANA SUPREME COURT

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Prior to jury trial in this personal injury case, the District Court for the Sixth Judicial District, Park County, granted the defendant's motion in limine preventing the plaintiff's chiropractor from testifying as to the plaintiff's impairment rating. The plaintiff appeals that decision. We affirm.

The appellant raises the single issue of whether the District Court erred in not allowing a licensed chiropractor to give his opinion of the plaintiff's degree of impairment based on the American Medical Association's Guides to Evaluation of Permanent Impairment.

Appellant Wacker was injured when a shock from the respondent's 7.2 kilo-volt electrical power line knocked Wacker from the crest of a ranch outbuilding on which he was laying tin roofing. His injuries included a concussion, a compression fracture of the lumbar vertebra, and electrical burns on his upper right arm and the hamstring area of his right leg.

Following initial treatment, physical therapy and skin graft surgery, Dr. Thiry, a licensed chiropractor, continued to treat Wacker for back problems. Dr. Thiry reported that, based on the American Medical Association's Guides to Evaluation of Permanent Impairment, the back injury left Wacker with a thirty percent permanent impairment. The respondent moved in limine to prevent Dr. Thiry from testifying as to Wacker's impairment rating, and the District Court granted the motion.

During trial, Wacker testified several times that he was capable of doing twenty-five percent less work following his injury. Dr. Thiry testified in detail as to Wacker's range of motion limitations without offering his opinion as to Wacker's overall percentage of impairment. The respondent offered expert testimony that Wacker would probably recover fully. The jury

2

apportioned fifty percent of the negligence to each party and determined total damages at $14,759.92.

The authority to grant a motion in limine rests within the sound discretion of the trial court and its conclusion will not be reversed unless the court has manifestly abused that discretion. Feller v. Fox (Mont. 1989), 772 P.2d 842, 844, 46 St.Rep. 694, 696.

The appellant presents a close question for review.

On the one hand, Montana, like most jurisdictions, has adopted a generous policy toward the use of expert witnesses. The testimony and opinions of qualified experts are admissible whenever they will assist the jury in understanding evidence which is beyond the jury's common experience. Rule 702, M.R.Evid.; State v. Campbell (1965), 146 Mont. 251, 258, 405 P.2d 978, 983. Whether the witness is an expert is a question of admissibility within the discretion of the trial court, but the degree of the expert's qualifications goes to the weight of the evidence and is a question for the jury. State v. Martin (1987), 226 Mont. 463, 466, 736 P.2d 477, 479.

On the other hand, this Court recently held that in workers' compensation cases the legislature intended to restrict opinions on impairment ratings to licensed medical physicians. Weis v. Division of Workers' Compensation (Mont. 1988), 755 P.2d 1385, 1386, 45 St.Rep. 1004, 1006. The question before us today is whether in civil cases opinions of impairment ratings should be similarly restricted.

We believe that, for the present purposes, the difference between workers' compensation cases and civil cases is a distinction without a difference. Public policy suggests that in both contexts only qualified physicians should be allowed to render opinions on impairment ratings based upon the American Medical Association's Guides to Evaluation of Permanent Impairment. The

3

American Medical Association formulated the Guides for the use of licensed medical physicians. Restricting their use to licensed medical physicians would insure reliable, authoritative opinions on which juries could depend in making their determinations.

This is not to say that chiropractors should not testify as to their patients' injuries, or that they should never use percentages in describing their patients' injuries. The jury can decide how much weight to give such testimony. Chiropractors should not, however, add unwarranted weight to their opinions by adopting the trappings of licensed medical physicians.

In the present case, the respondent moved the District Court to "prohibit . . . any and all statements about or allusions to the 'impairment' rating of [the] Plaintiff, as derived by Dr. David A. Thiry . . . ." After receiving briefs and oral arguments on the issue, the court granted the respondent's motion. Dr. Thiry was properly barred from giving his opinion as to Wacker's impairment rating. He could have given his opinion--as Wacker himself did-- that the appellant could perform twenty-five percent less work after the injury. We hold that the District Court did not abuse its discretion.

Affirmed.

_____
Chief Justice

4

We concur:

_____
John Conway Harrison

_____

_____
F. C. Paulbrandson

_____
R. C. McDonough

_____
Justices

Justice John C. Sheehy, dissenting:


The majority opinion is a far too stringent limitation on the competence of a chiropractor to testify within the area of his expertise. Moreover, the majority opinion is aberrent from the weight of authority on the subject.

In Weis v. Division of Workers' Compensation (1988), ___ Mont. ___, 755 P.2d 1385, this Court inferred that because §§ 39-71-701, -702, and -703, MCA, required in workers' compensation cases that disability be supported a "preponderance of the medical evidence," the use of the term "medical" meant that only licensed physicians could testify in workers' compensation cases as to impairment ratings. From that inference, the majority now infer that the prohibition extends to civil cases as well as workers' compensation cases. Thus we have a house of cards built on an inference upon an inference, which should not stand.

Chiropractors practice in Montana under licensing statutes which define "chiropractic" as a system of specific adjustment or manipulation of the articulations and tissues of the body, particularly of the spinal column, and "includes the use of recognized diagnostic treatment methods as taught in chiropractic colleges but does not include surgery or the prescription or use of drugs." Section 37-12-101, MCA. Determining the rate of impairment is a form of diagnosis.

Further, under our statutes, "licensed chiropractors may diagnose, palpate and treat the human body by the application of manipulative, manual, mechanical, and dietetic methods, including chiropractic physiotherapy, the use of supportive appliances, analytical instruments, and diagnostic x-ray"

following guidelines from state and federal regulatory agencies. Section 37-12-104(2), MCA.

It is a general rule in this country that a chiropractor may testify concerning matters within the scope of his profession. 52 ALR2d 1380, 1384; Chalupa v. Ind. Workers' Comm. (Ariz. 1973), 509 P.2d 610; Taylor v. Maxwell (Kan. 1966), 419 P.2d 822.

In Line v. Nourine (1974), 298 Minn. 269, 215 N.W.2d 52, it was held that a chiropractor was competent to express expert opinion based on reasonable chiropractic certainty regarding probable effects, permanence and future medical requirements of plaintiff's back injury, where proper foundation was laid and the matter was within the scope of his profession and the practice of chiropractic.

In this case, the majority, in holding that a chiropractor may not testify as to the rate of impairment based on AMA charts goes too far. Once a proper foundation is laid, a chiropractor should be held competent to testify in civil cases (excluding workers' compensation cases) within the realm of his knowledge and training as licensed by the state. Chalupa, supra.

It perverts justice to let a verdict stand where the jury was foreclosed from hearing testimony about plaintiff's impairment from the licensed health provider who principally treated the plaintiff. I would reverse and grant a new trial where the witness would be permitted to testify within the area of his expertise, upon proper foundation laid.

_____
                                Justice

Mr. Justice William E. Hunt, Sr.:

I concur in the dissent of Justice Sheehy.

_____
                                Justice

7