CHIEF JUSTICE TURNAGE
delivered the Opinion of the Court.
Prior to jury trial in this personal injury case, the District Court for the Sixth Judicial District, Park County, granted the defendant’s *501 motion in limine preventing the plaintiffs chiropractor from testifying as to the plaintiff’s impairment rating. The plaintiff appeals that decision. We affirm.
The appellant raises the single issue of whether the District Court erred in not allowing a licensed chiropractor to give his opinion of the plaintiff’s degree of impairment based on the American Medical Association’s Guides to Evaluation of Permanent Impairment.
Appellant Wacker was injured when a shock from the respondent’s 7.2 kilo-volt electrical power line knocked Wacker from the crest of a ranch outbuilding on which he was laying tin roofing. His injuries included a concussion, a compression fracture of the lumbar vertebra, and electrical burns on his upper right arm and the hamstring area of his right leg.
Following initial treatment, physical therapy and skin graft surgery, Dr. Thiry, a licensed chiropractor, continued to treat Wacker for back problems. Dr. Thiry reported that, based on the American Medical Association’s Guides to Evaluation of Permanent Impairment, the back injury left Wacker with a thirty percent permanent impairment. The respondent moved in limine to prevent Dr. Thiry from testifying as to Wacker’s impairment rating, and the District Court granted the motion.
. During trial, Wacker testified several times that he was capable of doing twenty-five percent less work following his injury. Dr. Thiry testified in detail as to Wacker’s range of motion limitations without offering his opinion as to Wacker’s overall percentage of impairment. The respondent offered expert testimony that Wacker would probably recover fully. The jury apportioned fifty percent of the negligence to each party and determined total damages at $14,759.92.
The authority to grant a motion in limine rests within the sound discretion of the trial court and its conclusion will not be reversed unless the court has manifestly abused that discretion. Feller v. Fox (Mont. 1989), [237 Mont. 150,] 772 P.2d 842, 844, 46 St.Rep. 694, 696.
The appellant presents a close question for review.
On the one hand, Montana, like most jurisdictions, has adopted a generous policy toward the use of expert witnesses. The testimony and opinions of qualified experts are admissible whenever they will assist the jury in understanding evidence which is beyond the jury’s common experience. Rulé 702, M.R.Evid.; State v. Campbell (1965), 146 Mont. 251, 258, 405 P.2d 978, 983. Whether the witness is an *502 expert is a question of admissibility within the discretion of the trial court, but the degree of the expert’s qualifications goes to the weight of the evidence and is a question for the jury. State v. Martin (1987), 226 Mont. 463, 466, 736 P.2d 477, 479.
On the other hand, this Court recently held that in workers’ compensation cases the legislature intended to restrict opinions on impairment ratings to licensed medical physicians. Weis v. Division of Workers’ Compensation (Mont. 1988), [232 Mont. 218,] 755 P.2d 1385, 1386, 45 St.Rep. 1004, 1006. The question before us today is whether in civil cases opinions of impairment ratings should be similarly restricted.
We believe that, for the present purposes, the difference between workers’ compensation cases and civil cases is a distinction without a difference. Public policy suggests that in both contexts only qualified physicians should be allowed to render opinions on impairment ratings based upon the American Medical Association’s Guides to Evaluation of Permanent Impairment. The American Medical Association formulated the Guides for the use of licensed medical physicians. Restricting their use to licensed medical physicians would insure reliable, authoritative opinions on which juries could depend in making their determinations.
This is not to say that chiropractors should not testify as to their patients’ injuries, or that they should never use percentages in describing their patients’ injuries. The jury can decide how much weight to give such testimony. Chiropractors should not, however, add unwarranted weight to their opinions by adopting the trappings of licensed medical physicians.
In the present case, the respondent moved the District Court to “prohibit . . . any and all statements about or allusions to the ‘impairment’ rating of [the] Plaintiff, as derived by Dr. David A. Thiry . . . .” After receiving briefs and oral arguments on the issue, the court granted the respondent’s motion. Dr. Thiry was properly barred from giving his opinion as to Wacker’s impairment rating. He could have given his opinion — as Wacker himself did — that the appellant could perform twenty-five percent less work after the injury. We hold that the District Court did not abuse its discretion.
Affirmed.
JUSTICES HARRISON, WEBER, GULBRANDSON and Mc-DONOUGH concur.