*503 JUSTICE SHEEHY,
dissenting:
The majority opinion is a far too stringent limitation on the competence of a chiropractor to testify within the area of his expertise. Moreover, the majority opinion is aberrant from the weight of authority on the subject.
In Weis v. Division of Workers’ Compensation (1988), [232] Mont. [218], 755 P.2d 1385, this Court inferred that because §§ 39-71-701, -702, and -703, MCA, required in workers’ compensation cases that disability be supported a “preponderance of the medical evidence,” the use of the term “medical” meant that only licensed physicians could testify in workers’ compensation cases as to impairment ratings. From that inference, the majority now infer that the prohibition extends to civil cases as well as Workers’ Compensation cases. Thus we have a house of cards built on an inference upon an inference, which should not stand.
Chiropractors practice in Montana under licensing statutes which define “chiropractic” as a system of specific adjustment or manipulation of the articulations and tissues of the body, particularly of the spinal column, and “includes the use of recognized diagnostic treatment methods as taught in chiropractic colleges but does not include surgery or the prescription or use of drugs.” Section 37-12-101, MCA. Determining the rate of impairment is a form of diagnosis.
Further, under our statutes, “licensed chiropractors may diagnose, palpate and treat the human body by the application of manipulative, manual, mechanical, and dietetic methods, including chiropractic physiotherapy, the use of supportive appliances, analytical instruments, and diagnostic x-ray” following guidelines from state and federal regulatory agencies. Section 37-12-104(2), MCA.
It is a general rule in this country that a chiropractor may testify concerning matters within the scope of his profession. 52 ALR2d 1380, 1384; Chalupa v. Ind. Workers’ Comm. (1973), 109 Ariz. 340, 509 P.2d 610; Taylor v. Maxwell (1966), 197 Kan. 509, 419 P.2d 822.
In Line v. Nourie (1974), 298 Minn. 269, 215 N.W.2d 52, it was held that a chiropractor was competent to express expert opinion based on reasonable chiropractic certainty regarding probable effects, permanence and future medical requirements of plaintiff’s back injury, where proper foundation was laid and the matter was within the scope of his profession and the practice of chiropractic.
In this case, the majority, in holding that a chiropractor may not testify as to the rate of impairment based on AMA charts goes too far. Once a proper foundation is laid, a chiropractor should be held *504 competent to testify in civil cases (excluding workers’ compensation cases) within the realm of his knowledge and training as licensed by the state. Chalupa, supra.
It perverts justice to let a verdict stand where the jury was foreclosed from hearing testimony about plaintiff’s impairment from the licensed health provider who principally treated the plaintiff. I would reverse and grant a new trial where the witness would be permitted to testify within the area of his expertise, upon proper foundation laid.
JUSTICE HUNT, concurs in the dissent of JUSTICE SHEEHY.