800 P.2d 982

**STATE of Arizona, Appellee,**

v.

**Carl Powell BAILEY, Appellant.**

**No. 1 CA–CR 89–260.**

Court of Appeals of Arizona,
Division 1, Department D.

Aug. 21, 1990.

Robert K. Corbin, Atty. Gen. by Jessica G. Funkhouser, Chief Counsel, Crim. Div., and Janet Keating, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

## OPINION

BROOKS, Presiding Judge.

Appellant Carl Powell Bailey (defendant) was charged by indictment with four counts of child molestation and two counts of sexual abuse, all alleged as dangerous crimes against children. The jury found defendant guilty of four counts of child molestation and one count of child abuse. The jury found that defendant had a prior felony conviction. The court gave defendant the presumptive terms for the crimes with one predicate felony, to run consecutively, for a total of 127 years. Defendant timely appealed.

## BACKGROUND

The facts may be summarized as follows, viewed in the light most favorable to sustaining the convictions. *E.g., State v. Olivas,* 119 Ariz. 22, 23, 579 P.2d 60, 61 (App. 1978). The evidence showed that the defendant touched the genitals of four juvenile female victims. He also touched two of them on their breasts. The evidence also showed that defendant had sexual encounters with other juvenile females, for which he was not charged.

Prior to trial, the court held a hearing to determine whether the other incidents were permissible to show an emotional propensity to commit the charged acts. *See State v. Treadaway,* 116 Ariz. 163, 167, 568 P.2d 1061, 1065 (1977). Dr. Jeffrey Harrison, a psychologist, testified that he read the police reports and other accounts of defendant's involvement with twelve juvenile females. Four of the females were victims in the charged counts. Dr. Harrison concluded that, "based on the records I reviewed, it is my opinion that that person has a continuing propensity to commit sexually aberrant acts." He testified that the similarities between the acts were "clinically significant." The court ruled that the evidence of the other bad acts could be presented.

Of the eight "other victims" considered by Dr. Harrison in reaching his opinion, three testified at trial. One testified as to acts committed by the defendant against her in 1975. Another testified about acts occurring in or around 1983. The last testified about acts occurring in or around 1982. Defendant concedes that the prior acts were similar.

## PROPRIETY OF PSYCHOLOGIST TESTIMONY

The only issue raised on appeal concerns the propriety of Dr. Harrison's expert testimony that established propensity as the foundation for the admission of other acts of sexual misconduct by defendant. Defendant argues that such testimony must be medical, i.e., by a medical doctor, rather than by a psychologist. For this proposition he cites the two "Treadaway" cases, which discuss "medical" testimony. *Treadaway,* 116 Ariz. at 167, 568 P.2d at 1065; *State ex rel. LaSota v. Corcoran,* 119 Ariz. 573, 576–77, 583 P.2d 229, 232–33 (1978). As neither of those cases addressed the issue presented here, we take this opportunity to clarify that a psychologist can be competent to lay the necessary foundation.

A.R.S. § 32–2084, which proscribes the unlawful practice of medicine, was amended in 1977 to provide that psychologists may "diagnose, treat and correct human conditions ordinarily within the scope of the practice of a psychologist." This amendment was specifically analyzed in the workers' compensation law context in *Hooper v. Industrial Comm'n,* 126 Ariz. 586, 617 P.2d 538 (App.1980). Because the amendment allows psychologists to practice within their field, the *Hooper* court held as error the hearing officer's refusal to consider testimony of a licensed psychologist regarding the claimant's mental health. *Id.* The *Hooper* court noted that the amended statute changed the law as described in *Bilbrey v. Industrial Comm'n,* 27 Ariz.App. 473, 556 P.2d 27 (1976). *Hooper,* 126 Ariz. at 587, 617 P.2d at 539.

Whether defendant had a propensity to molest children is certainly a mental health question within the purview of a psychologist. Dr. Harrison's list of credentials and affiliations is extensive. Moreover, he testified that he had been treating sex offenders "since 1982," had probably treated "about a thousand offenders," and had testified as an expert many times before several courts, including testifying at several *Treadaway* hearings.

In the criminal law context support for our holding is found in Rule 11.3, Arizona Rules of Criminal Procedure, which states that a "mental health expert" is any "licensed physician" or any "certified psychologist." If a psychologist is trusted to determine the critical Rule 11 issue whether a person is able to understand the proceedings or assist in his own defense, he certainly can be competent to lay the foundational requirement set forth in *Treadaway.*

In short, any language in prior decisions regarding the necessity of *medical* testimony regarding the *Treadaway* foundation for propensity evidence cannot exclude testimony from psychologists. This issue has never been addressed before; indeed it has been assumed that a psychologist's testimony was adequate. *See, e.g., State v. Weatherbee,* 158 Ariz. 303, 304, 762 P.2d 590, 591 (App.1988) (psychologist testified that defendant was a fixated pedophile

with an ongoing propensity for sexual aberration).

Pursuant to A.R.S. § 13–4035, we have searched the record for fundamental error, and have found none. For the above reasons, the convictions and sentences are affirmed.

TAYLOR and LANKFORD, JJ., concur.