No. 84-137

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

HARVEY W. LAVERDURE,

Defendant and Appellant.

---

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

John Keith, Great Falls, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
J. Fred Bourdeau, County Attorney, Great Falls,
Montana

---

Submitted on Briefs: June 28, 1984

Decided: August 15, 1984

Filed: AUG 1 5 1984

*Ethel M. Harrison*
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Defendant, Harvey W. Laverdure pled guilty to sexual assault charges in the District Court of the Eighth Judicial District on January 31, 1983. He was sentenced April 4, 1983, to twenty years at Montana State Prison, designated a nondangerous offender and ordered to make restitution to the victim for all psychological and medical treatment costs. Thereafter, defendant retained new counsel. A motion to withdraw the guilty plea was filed December 6, 1983, heard December 16, 1983, and orally denied. Defendant now appeals the written order of December 28, 1983, denying his motion. We affirm.

The attorney representing defendant at the time the guilty plea was entered filed a motion for withdrawal of the plea April 12, 1983, as well as a notice of appeal June 3, 1983. Although no further action was taken on either proceeding, the notice of appeal removed jurisdiction from the District Court. State v. Nicks (1957), 131 Mont. 567, 569, 312 P.2d 519, 520. Therefore, the December 6, 1983, motion should have been a petition for post-conviction relief, as those petitions are civil proceedings independent of the underlying criminal matter. Coleman v. State (Mont. 1981), 38 St.Rep. 1352, 1354, 633 P.2d 624, 627. Since the motion meets the requirements for post-conviction relief petitions set forth in sections 46-21-101, et seq., MCA, we will consider the motion to be such a petition.

An information filed April 28, 1982, charged defendant with sexual assault in violation of section 45-5-502(1) and (3), MCA:

> "(1) A person who knowingly subjects another not his spouse to any sexual contact without consent commits the offense of sexual assault.

2

"(3) If the victim is less than 16 years old and the offender is 3 or more years older than the victim . . . he shall be imprisoned in the state prison for any term not to exceed 20 years and may be fined not more than $50,000."

The deputy county attorney's affidavit in support of the motion to file the information contained a summary of a statement given Detective Robert Dykeman by the mother of A.K. Four-year old A.K. was left in the care of Harvey Laverdure's wife on April 19, 1982. Upon returning home, she reported to her mother, in the words of a four-year old, that defendant had taken her to his bedroom, taken both their pants down and placed his penis in the area of her rectum. Upon examining A.K., Dr. Jack Haling reported finding no trauma to or tearing of rectal or vaginal tissues. However, he believed something had happened to A.K. because of her vivid description of a burning sensation in the rectal area.

Upon his arrest April 21, 1982, defendant denied having put his penis in A.K. but acknowledged having "rubbed off on her." He stated that he had rubbed his penis on A.K.'s vagina until climaxing into his shorts. Defendant's first attorney moved to suppress those statements June 7, 1982. A hearing on the motion to suppress was held August 30, 1982. Detective Dykeman testified at the hearing that he gave Miranda warnings to defendant three times prior to defendant's incriminating statements: (1) upon arrest; (2) upon arrival at the police station; and (3) immediately prior to the tape recorded interview during which the statements were made. The motion to suppress was denied.

Defendant had entered a plea of not guilty at his arraignment and trial was set for November 8, 1982. Pursuant to a stipulation, the victim's testimony was videotaped before the District Court and defendant on November 4, 1982.

3

A.K.'s testimony was essentially the same as the details relayed to Detective Dykeman by A.K.'s mother.

Defendant failed to appear for trial and a separate criminal action was initiated for felony bail-jumping. Subsequently, Randall Skorheim was appointed defendant's attorney and a new trial date was set. Upon reviewing the case and prior to the second trial date, Skorheim became concerned about defendant's chances at trial. After conferring with Skorheim, defendant decided to change his plea to guilty. Defendant signed an acknowledgement of waiver of rights by plea of guilty January 29, 1983, and appeared in District Court January 31, 1983, to change his plea. The bail-jumping charge was dropped.

In his December 6, 1983 motion, defendant requested the trial court to allow withdrawal of his guilty plea because (1) at the time the plea was entered, "no factual basis for the crime was established from the Defendant", and (2) defendant entered the plea of guilty only because of assurances from his counsel that "due to the plea agreement defendant would not receive a jail term as part of his sentence." The trial court found insufficient evidence to support defendant's contentions and refused to allow withdrawal of the plea.

We find no abuse of discretion by the trial court. The December 28, 1983, order denying defendant's motion is affirmed.

Review of a motion to withdraw a guilty plea requires the consideration and balancing of at least three relevant factors: "(1) the adequacy of the interrogation by the District Court of the defendant at the entry of the guilty plea as to the defendant's understanding of the consequences of his plea, (2) the promptness with which the defendant

4

attempts to withdraw the prior plea, and (3) the fact that the defendant's plea was apparently the result of a plea bargain in which the guilty plea was given in exchange for dismissal of another charge. . . ." State v. Huttinger (1979), 182 Mont. 50, 54, 595 P.2d 363, 366.

It is undisputed that defendant's attempt to withdraw his plea was relatively prompt and that the felony bail-jumping charge against defendant was dropped in exchange for his plea. Regarding factor one, however, defendant contends that the court's interrogation of him prior to the entry of his plea was insufficient because it failed to establish from defendant the factual basis for the charge against him.

There is no set rule for when such an interrogation is sufficient. However, in State v. Lewis (1978), 177 Mont. 474, 582 P.2d 346, we held an interrogation was sufficient where the trial judge "examines the defendant, finds him to be competent, and determines from him that his plea of guilty is voluntary, he understands the charge and his possible punishment, he is not acting under the influence of drugs or alcohol, he admits his counsel is competent and he has been well advised, and he declares in open court the facts upon which his guilt is based. . . ." 177 Mont. at 485, 582 P.2d at 352.

In the instant case, defendant signed an acknowledgement of waiver of rights by plea of guilty which contained a recitation of the charge against him and its penalty; an enumeration of the constitutional rights waived when one pleads guilty; an acknowledgement of defendant's satisfaction with his counsel; a denial that defendant was under the influence of drugs or alcohol; and the following statement: "I believe I am guilty of this offense because . . . I did

5

assault the girl." At the change of plea hearing, the trial judge reviewed the acknowledgement of waiver, discussed with defendant the constitutional rights he would be foregoing by pleading guilty and ascertained that defendant was aware of the maximum penalties involved. Under Lewis, this is an adequate interrogation.

Further, the statement "I did assault the girl", adequately illustrates, in this instance, that defendant was well aware of the factual basis of the charge against him. Defendant was apprised of the "facts" through the affidavit filed in support of the motion to file the information and the testimony of the victim. In addition, defendant, upon his arrest, confessed to having committed acts which constitute sexual abuse.

Defendant's second contention was refuted by his own lawyer following defendant's waiver of the attorney-client privilege. Defendant testified and still alleges that Randall Skorheim promised that if he pled guilty, he would receive no jail sentence. Skorheim initially testified at the motion to withdraw hearing that the deputy county attorney had promised to recommend no jail sentence if defendant pled guilty. However, during a recess, Skorheim reviewed his notes in the Laverdure file and discovered that the promise had been to not recommend a specific time to be spent in jail. The deputy county attorney testified that she had promised only to not recommend a specific amount of time, not no jail sentence at all. No specific jail time was recommended.

Since the plea agreement was oral, the content of the plea agreement was a factual question to be determined by the trial judge. "Sitting without a jury, the trial judge, as finder of fact, is as fully entitled to believe or disbelieve

6

a defendant's assertions as a jury would be." In the Matter of Hardy (Mont. 1980), 37 St.Rep. 1358, 1360, 614 P.2d 528, 530. There is certainly substantial credible evidence to support his determination that the defendant was not promised freedom from jail time in exchange for his guilty plea.

The order of the District Court denying defendant's motion to withdraw his plea of guilty is affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

7