No. 84-414

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

STEVEN J. BERG,

Defendant and Appellant.

---

APPEAL FROM: District Court of the Sixteenth Judicial District,
In and for the County of Custer,
The Honorable A. B. Martin, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Moses Law Firm; Bruce E. Becker, Billings, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Keith Haker, County Attorney, Miles City, Montana

---

Submitted on Briefs: Jan. 24, 1985

Decided: April 11, 1985

Filed: APR 11 1985

*Ethel M. Harrison*
_____
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The appellant, Steven Berg, was charged by information with committing the crime of sexual assault, a felony because the alleged victim was less than 16 years old and the appellant was 3 or more years older. Section 45-5-502, MCA. A jury trial resulted in a conviction, a new trial was denied, and the appellant was sentenced to seven years in Montana State Prison with the last two years suspended. This appeal followed.

We reverse and remand.

The appellant was charged with sexually assaulting a juvenile girl who was babysitting at the home of another by kissing her and removing some of her clothes. According to the girl's testimony, she fled to a bathroom, the appellant followed and upon pushing the bathroom door open knocked her to the floor. She struck her head and was rendered unconscious. Upon awakening she was naked and he was on top of her.

Three issues are presented for review:

1. Whether the District Court erred in allowing a certain witness to testify as an expert under Rule 702, Mont.R.Evid.

2. Whether the District Court erred in striking the testimony of a certain witness because the witness was an alibi witness and the defense did not give the prosecution the required notice of intent to rely on alibi witness testimony under § 46-15-301(2), MCA.

3. Whether the District Court erred in allowing a witness to testify as to prior crimes, wrongs, or acts under

- 2 -

Rule 404(b), Mont.R.Evid., without notice to the defendant of intent to use such evidence as required by State v. Just (1979), 184 Mont. 262, 274, 602 P.2d 957, 963-964.

The appellant argues that the District Court erred in allowing a certain witness to testify as an expert when the witness was not qualified. The appellant also argues that the District Court erred in allowing the jury to determine if the witness was qualified as an expert.

A witness may be qualified as an expert by knowledge, skill, experience, training, or education. Rule 702, Mont.R.Evid. The determination that a witness is an expert is largely within the discretion of the trial judge and such determination will not be disturbed on appeal absent a showing of abuse of this discretion. Goodnough v. State (Mont. 1982), 647 P.2d 364, 369, 39 St.Rep. 1170, 1175. Here we find that the witness was qualified as an expert. She was educated, trained, and experienced in a relevant area. She testified that the juvenile fit within the statistical picture of children who had been sexually assaulted. She had counseled the juvenile for some time, she was a certified psychologist, she had a doctorate in psychology, and she had training and experience.

The appellant claims that the District Court erred in leaving the qualification of the expert to the jury for determination. We disagree. After the appellant had objected that the witness was not qualified the court stated, "Well, the court is going to permit her to testify. If the jury doesn't believe she is qualified--well that will be up to the jury to decide." We find that the District Court made the determination that the witness was qualified when it permitted the witness to testify. The District Court stated

afterwards that the jury could determine the degree of the witness's qualification as an expert and weigh the testimony accordingly. This is proper. The degree of a witness's qualification affects the weight rather than the admissibility of the testimony. Little v. Grizzly Mfg. (Mont. 1981), 636 P.2d 839, 843, 38 St.Rep. 1994, 2000. We hold that the District Court did not err in allowing this witness to testify.

The appellant next raises the issue whether the District Court erred in striking the testimony of an alibi witness when the defense did not give the State the required notice of intent to rely on an alibi defense. If a defendant intends to interpose an alibi defense the defendant shall notify the prosecution of such intent and include the identity of the witness to be called in support thereof. Section 46-15-301(2), MCA. We find that no notice was given in this case.

Here, though, the question turns on whether the witness was actually an alibi witness. The appellant argues that the witness did not give alibi testimony because the time period covered by the witness testimony did not cover the time established for the actual crime. The State argues that the testimony was alibi in nature even though it concerned a time prior to the time established for the actual crime.

An alibi is a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for the defendant to be the guilty party. Black's Law Dictionary 66 (5th ed. 1979). We find that this witness did not testify as an alibi witness. The witness testified that he was with the appellant from approximately 7:30 p.m. to 8:10 p.m. on the

- 4 -

evening that the babysitter said she was assaulted. The appellant admits that he went to the house at approximately 8:10. This testimony also is consistent with the juvenile baby sitter's own version of the time period involved in the actual crime. The testimony by defendants witness did not place the appellant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for the appellant to be the guilty party. Here the victim and defendant acknowledge that they were both in the house at approximately 8:10 p.m. Their version of what occurred differs. The excluded testimony, was not alibi testimony. However, the testimony by this witness was not relevant, and it was therefore within the discretion of the court to strike it.

The appellant next argues that the District Court erred in allowing a certain witness to testify as to a prior crime, wrong, or act. The witness testified that the appellant had kissed her on a prior occasion despite her resistance. The prosecution did not give the defense the required notice of intent to use such evidence. In a criminal case if the State intends to introduce evidence of other crimes, wrongs, or acts for the limited purposes for which such evidence may be allowed under Rule 404(b), Mont.R.Evid., the State must notify the defendant of such intent and identify the purpose for which the evidence will be introduced. State v. Just (1979), 184 Mont. 262, 274, 602 P.2d 957, 963-964. We find that the State did not supply the appellant with the requisite notification.

In this case the Just rule applies and failure to give the defendant the requisite notice of the State's intention to use a witness to an act that occurred prior to the crime

is reversible error. The defendant is entitled to a new trial. The <u>Just</u> rule enables the District Court to ensure that evidence of prior crimes, wrongs, or acts will only be used for the allowable purposes and not to establish that the accused acted in conformity with those prior actions on the present occasion. The <u>Just</u> rule also allows the defendant time to prepare a defense to crimes, wrongs, or acts for which he has not been charged.

Reversed and remanded for a new trial.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices