No. 84-520

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

DONALD FLAMM,

Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Allen Beck, Billings, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Harold Hanser, County Attorney, Billings, Montana

Submitted on Briefs: March 21, 1985

Decided: April 16, 1985

Filed: APR 1 1985

Ethel M. Harrison
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Defendant, Donald Flamm appeals the August 17, 1984, order of the Thirteenth Judicial District Court, County of Yellowstone, which revoked a previously ordered suspended sentence and denied his motion to withdraw an earlier plea of guilty. We affirm the order of the District Court.

In March 1981, defendant was charged with alternative counts of criminal mischief, both felonies. Defendant entered pleas of not guilty to both counts on May 20, 1981. On September 22, 1981, the Yellowstone County Attorney's Office filed its notice to increase punishment pursuant to § 46-18-503, MCA (1981), the persistent felony statute. Thereafter, defendant moved on November 12, 1981, to withdraw his plea of not guilty and enter a plea of guilty to the second criminal mischief count. On that same day, the State moved to dismiss Count I and the notice of increased punishment. Both motions were granted. Defendant was sentenced December 23, 1981, to a term of ten years at the Montana State Prison, with the entire term suspended upon the usual terms and conditions. The County Attorney had recommended that defendant be required to serve the entire sentence.

In October 1982, defendant was charged in North Dakota with the delivery of a controlled substance and with being an accomplice to the delivery of a controlled substance. Following a jury trial, defendant was convicted on both charges and sentenced to six years in the North Dakota State Prison. Defendant lost his appeal of those convictions. However, the United States Court of Appeals for the Eighth Circuit has granted his application for a certificate of probable cause in a habeas corpus action.

2

Upon extradition to Montana, defendant was given notice of the State's March 21, 1983, petition to revoke the December 23, 1981, order suspending his ten-year sentence. Following numerous procedural maneuverings, defendant appeared with court-appointed counsel on August 8, 1984, for a hearing on the petition to revoke. Defendant also moved to withdraw his November 12, 1981, plea of guilty. The trial judge thereafter granted State's petition to revoke and denied defendant's motion to withdraw. Defendant is presently serving his ten-year sentence at Montana State Prison.

Defendant raises the following issues in his appeal:

1. Whether the District Court erred in denying defendant's motion to withdraw his plea of guilty?

2. Whether the District Court had authority to revoke the order suspending defendant's sentence?

Defendant contends that he pled guilty to Count II only as a result of the combined inducement of his attorney and probation officer. The trial judge found this contention to be unsupported by the evidence and denied defendant's motion to withdraw his plea of guilty.

> "Review of a motion to withdraw a guilty plea requires the consideration and balancing of at least three relevant factors: '(1) the adequacy of the interrogation by the District Court of the defendant at the entry of the guilty plea as to the defendant's understanding of the consequences of his plea, (2) the promptness with which the defendant attempts to withdraw the prior plea, and (3) the fact that the defendant's plea was apparently the result of a plea bargain in which the guilty plea was given in exchange for dismissal of another charge. . . .'" State v. Laverdure (Mont. 1984), 685 P.2d 375, 377, 41 St.Rep. 1570, 1572, citing State v. Huttinger (1979), 182 Mont. 50, 54, 595 P.2d 363, 366.

A trial judge's interrogation of a defendant seeking to enter a guilty plea has been held to be sufficient if the trial judge:

3

"'examines the defendant, finds him to be competent, and determines from him that his plea of guilty is voluntary, he understands the charge and his possible punishment, he is not acting under the influence of drugs or alcohol, he admits his counsel is competent and he has been well advised, and he declares in open court the facts upon which his guilt is based . . . ." State v. Lewis (1978), 177 Mont. 474, 485, 582 P.2d 346, 352.

Defendant in this case was questioned regarding nearly all these issues. His private attorney also stated that he was satisfied that defendant knew he was guilty and that defendant's entry of plea was made voluntarily and without coercion.

Defendant's attempt to withdraw his plea was not prompt. In fact, defendant did not attempt to withdraw his plea until nearly three years after it was entered, when he was in danger of having his suspended sentence revoked.

Finally, defendant's plea was apparently the result of a plea bargain. A second count against defendant and notice of the State's intent to have him designated a persistent offender were dropped the day defendant entered his guilty plea.

There is no evidence in the record of defendant being coerced to plead guilty. Given defendant's previous record, the State had every right to attempt to have him designated a dangerous offender. That portion of the trial judge's order denying defendant's motion to withdraw his plea of guilty is affirmed.

Defendant's second issue was not raised at the lower court level. Absent plain error in the trial court, we will not consider issues raised for the first time on appeal. Rule 103(d), Mont.R.Evid.; Reno v. Erickstein (Mont. 1984), 679 P.2d 1204, 1207-1209, 41 St.Rep. 537, 540-542. There is no error here. Section 46-18-203, MCA, allows a sentencing judge to revoke the suspension of a sentence at his

4

discretion. One condition of defendant's suspended sentence was that he refrain from violating any laws. Defendant admitted to the sentencing judge that he had violated the laws of North Dakota by delivering a controlled substance. The trial judge did not abuse his discretion when he revoked defendant's suspended sentence.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices