No. 86-21

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

IN THE MATTER OF

J.W.K., a Youth under the
age of Eighteen Years.

_____

APPEAL FROM: District Court of the Seventeenth Judicial District,
In and for the County of Valley,
The Honorable Leonard Langen, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

David L. Irving, Glasgow, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
George Schunk, Asst. Atty. General, Helena
David Nielsen, County Attorney, Glasgow, Montana

_____

Submitted on Briefs: May 30, 1986

Decided: August 19, 1986

Filed: AUG 1 9 1986

_____
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The Valley County District Court found J.W.K., a minor, guilty of sexual assault, and ordered him committed to the Pine Hills School for Boys. He appeals the conviction.

We affirm.

Appellant raises three issues on appeal:

1. Did the District Court err in admitting the opinion testimony of a psychologist as to the truthfulness and reliability of children's testimony?

2. Did the District Court err in denying appellant's motion to suppress his admission?

3. Is there substantial credible evidence in the record to support the findings of the District Court?

At the time of the incident in question, appellant was thirteen years old. He did occasional babysitting work for several families in the Glasgow area. In December of 1984, he babysat M.B., J.B., and D.B. M.B. and J.B. were five and six years old.

In the spring of 1985, J.B. and M.B. exhibited precocious sexual knowledge at their day care center. This information was brought to the attention of Beverly Miller, a social worker. In April, Ms. Miller interviewed J.B. and M.B. separately, and through the use of anatomically correct dolls learned that the children had been sexually abused. Ms. Miller reported her observations to the county attorney.

On April 24, 1985, an investigator with the county attorney's office interviewed J.B. and M.B. Based upon that interview, the investigator questioned appellant. Appellant denied the allegations of sexual abuse.

Ms. Miller then spoke to appellant and told him she knew of the incident. He then attempted to described the incident. She stopped him and suggested he talk further with the officer investigating the case.

On May 9, 1985, the investigator conducted a second interview with appellant. Before the interview, appellant and his mother executed a written acknowledgement and waiver of rights. Appellant's mother was present during the first part of the interview, but later left the room at her son's request. The interview was taped. A twelve page transcript of the interview was prepared and the tapes were erased. During this interview, appellant admitted he had sexually assaulted J.B.

On May 23, 1985, appellant was charged with theft, criminal mischief, and sexual assault. A pretrial agreement was executed whereby appellant admitted the theft and criminal mischief charges and was sent to the Pine Hills School for a forty-five day evaluation. Dr. George Hossack conducted a psychological evaluation of appellant at the school.

An adjudicatory and dispositional hearing was held October 1, 1985. J.B. and M.B. testified against appellant. Dr. Hossack testified that appellant admitted the alleged crime to him and he recommended further treatment at Pine Hills. He also testified that five and six year old children are unable to sustain a lie about sexual abuse.

The District Court found that appellant did commit the crime of sexual assault and adjudged the appellant to be a delinquent youth. He was ordered committed to Pine Hills.

Appellant's first issue is whether the District Court erred in admitting the opinion testimony of Dr. Hossack as to

the truthfulness and reliability of children's testimony. Appellant makes three arguments. First, appellant argues that the testimony was beyond the scope of cross-examination as provided in Rule 611, M.R.Evid. We disagree.

Rule 611, M.R.Evid. states:

(b) Scope of cross-examination.
(1) Cross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witnesses. The court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination.

As this rule indicates, the scope of cross-examination is within the discretion of the trial court and this Court will not disturb the District Court's ruling absent a clear abuse of discretion. State v. Hart (Mont. 1981), 625 P.2d 21, 38 St.Rep. 133. Dr. Hossack's testimony aided the trier of fact and the District Court did not abuse its discretion in allowing it.

Appellant next argues that Dr. Hossack was not qualified or submitted to the court as an expert and the court did not accept or rule on his qualifications.

Rule 702, M.R.Evid. states:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.

The determination that a witness is an expert is within the discretion of the trial court and will not be disturbed on appeal without a showing of abuse of that discretion. State v. Berg (Mont. 1985), 697 P.2d 1365, 42 St.Rep. 518. Here we find no abuse of discretion. Dr. Hossack testified he was a licensed psychologist employed at Pine Hills for three years. He had done hundreds of psychological

evaluations. Fifteen to twenty a year are related to sexual abuse cases. He further testified that he was a consultant for two public school systems and worked for two pediatricians doing psychological evaluations for fifteen years. The District Court did not abuse its discretion by allowing Dr. Hossack to testify concerning the reliability of children's testimony.

Although the District Court did not formally acknowledge the doctor as an expert, we hold that the District Court made the determination that the witness was qualified when it overruled the appellant's objection and permitted him to testify. Berg, 697 P.2d at 1367. Further, appellant's objections as to Dr. Hosasack's qualifications go to the weight rather than the admissibility of the testimony. Id.

Appellant finally argues that Dr. Hossack's testimony was not responsive. We do not agree. Since appellant denied the charge of sexual assault, the victim's credibility was an issue. Therefore, it was proper for the District Court to allow Dr. Hossack to testify as to the reliability of children's testimony. An expert may not testify concerning the credibility and reliability of a particular witness. State v. Brodniak (Mont. 1986), 718 P.2d 322, 43 St.Rep. 755. However testimony concerning the reliability of a particular class of witnesses, such as juvenile victims of sexual abuse, is admissible. People v. Ashley (Colo. App. 1984), 687 P.2d 473; State v. Middleton (Or. 1983), 657 P.2d 1215. Appellant's arguments on this issue are not persuasive.

Appellant's second issue is whether the District Court erred in denying his motion to suppress his confession. At trial, the State offered into evidence a transcript of appellant's confession. Appellant objected, and the judge

allowed the transcript into evidence but reserved ruling on its admissibility until hearing the testimony. The judge later admitted the transcript over appellant's objection.

Appellant did not file his motion to suppress until the first day of trial in violation of § 46-13-301(3), MCA. However, the State failed to object to the timeliness of the motion at trial and so has waived the objection pursuant to § 46-20-104(2), MCA. Therefore, we will address appellant's arguments.

Appellant argues that the confession was not voluntary pursuant to § 46-13-301(1), MCA. The standard to be applied in our review of this question is whether the District Court's decision is supported by substantial credible evidence. State v. Gould (Mont. 1985), 704 P.2d 20, 42 St.Rep. 946; State v. Grimestad (1979), 183 Mont. 29, 598 P.2d 198.

To determine whether an admission is voluntary, the court must look at the totality of the circumstances. Those circumstances include the background, experience, and conduct of the accused.

> Other appropriate considerations include the age, education, and intelligence of the accused, and his capacity to understand the warnings given him, the nature of his Fifth Amendment rights, and the consequences of waiving those rights.

State v. Blakney (1982), 197 Mont. 131, 138, 641 P.2d 1045, 1049.

Appellant argues that his confession was not voluntary because he was 14 years old, had a borderline I.Q., was strongly dependent on his mother, and confessed only after succumbing to the pressure and promises of the police. We disagree.

Appellant and his mother signed an acknowledgment and waiver of constitutional rights prior to the interview. Appellant was given intelligence tests during his 45 day evaluation at Pine Hills. He registered a full scale I.Q. of 86, verbal I.Q. of 102, and performance I.Q. of 72. We have held a confession voluntary where the 20 year old defendant had a full scale I.Q. of 91, verbal I.Q. of 99, and performance I.Q. of 83. State v. Phelps (Mont. 1985), 696 P.2d 447, 451, 42 St.Rep. 305, 309.

Further, we held in Phelps that:

Mental illness or deficiency does not in itself preclude admissibility of defendant's statements so long as he was capable of understanding the meaning and consequences of his statements. It is an important factor to consider in examining the totality of the circumstances, but it is not conclusive. (Citations omitted.)

696 P.2d at 451.

The length of the interrogation in this case, one half hour, is far less than the one and one half hour interrogation in Phelps. In addition, the confession was not induced by any promises of treatment on the part of the interrogating officer. The officer testified that he made no promise of treatment to appellant, but merely said there was help available for him.

Given the totality of the circumstances, we cannot agree that the District Court's decision to admit appellant's confession is not supported by substantial credible evidence.

Appellant's final issue is whether there is substantial credible evidence to support the findings of the District Court. When reviewing evidence on appeal, it will be viewed in the light most favorable to the prevailing party and district court. The credibility of the witnesses and the weight given to their testimony is for the determination of

the district court in a nonjury trial. In re Jones (1978), 176 Mont. 412, 578 P.2d 1150.

Appellant argues there is not substantial credible evidence to support the finding that he committed sexual assault. Specifically, he argues that the testimony of the five year old witness and six year old victim provides insufficient corroboration of appellant's confession. We disagree.

This Court has repeatedly upheld the use of juvenile witnesses shown to be competent through their capacity of expression and appreciation of the duty to tell the truth. State v. Phelps (Mont. 1985), 696 P.2d 447, 42 St.Rep. 305; State v. Rogers (Mont. 1984), 692 P.2d 2, 41 St.Rep. 2131; State v. Campbell (1978), 176 Mont. 525, 579 P.2d 1231. In this case the juvenile victim described the assault and identified the appellant in the courtroom. The juvenile witness corroborated the victim's testimony by testifying that appellant and the victim were in the bathroom together, and identified the appellant in the courtroom. Two doctors testified that appellant exhibited characteristics typical of adolescent sexual offenders. Finally, appellant admitted to a doctor at Pine Hills and the interrogating officer that he committed the assault.

There is substantial credible evidence in the record to support the conclusion of the District Court that appellant committed sexual assault.

The decision of the District Court is affirmed in all respects.

Justice

- 8 -

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

- 9 -