MR. JUSTICE GULBRANDSON,
dissenting.
I respectfully dissent.
In my opinion, the legal issue upon which the majority bases its reversal is controlled by State v. Martin (Mont. 1987), [226 Mont. 463,] 736 P.2d 477, 480, 44 St.Rep. 804, 808, and 6-20-104(2), MCA.
There was no objection made to the trial judge’s inquiry until the filing of appellant’s brief with this Court. There was no request for an in-chambers objection to the inquiry, no motion for dismissal or new trial, and in fact two curative jury instructions were prepared by defense counsel and given by the trial judge.
Those instructions read as follows:
“INSTRUCTION NO. 12
“It is a constitutional right of a defendant in a criminal trial that he may not be compelled to testify. You may not draw any inference from the fact that he does not testify. Further, you must neither *83 discuss this matter nor permit it to enter into your deliberations in any way.
“INSTRUCTION NO. 13
“In deciding whether or not to testify, the defendant may choose to rely on the state of the evidence and upon the failure, if any, of the State to prove beyond a reasonable doubt every essential element of the charge against him, and no lack of testimony on the defendant’s part will supply a failure of proof by the State so as to support a finding against him on any such essential element.”
I would not invoke the plain error doctrine under the facts of this case.