IN RE THE PETITION OF DANNY L. MARTIN.

No. 89-395.
Decided Dec. 19, 1989.
787 P.2d 746.

## ORDER

Petitioner Danny L. Martin was convicted of burglary, theft, and criminal mischief in the District Court for the Fifth Judicial District, Beaverhead County, in December 1985. On July 24, 1989, he filed this petition for post-conviction relief from that judgment. The Attorney General, on behalf of the State of Montana, has filed a response to the petition and Martin has filed a reply to the State's response.

Martin initially requests that an attorney be appointed to represent him in this matter. There is no constitutional requirement that counsel be appointed in a post-conviction relief procedure, which is civil in nature. *Pennsylvania v. Finley* (1987), 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539. The Court has determined that the matters raised in this petition can be considered by examining the District Court record and the record on appeal. Martin's motion that counsel be appointed to represent him is denied.

Martin raises the following claims:

1) That he has newly discovered evidence regarding the fingerprint used at trial;

2) That the District Judge was guilty of judicial misconduct during Martin's trial;

3) That the County Attorney was guilty of prosecutorial misconduct during Martin's trial;

4) That Martin received ineffective assistance of counsel at trial; and

5) That Martin received ineffective assistance of counsel on appeal.

We will discuss these claims in the order in which they were raised.

I

*Newly Discovered Evidence*

At trial, the State presented expert testimony that a fingerprint found at the scene of the crime was Martin's. Martin presented his own expert, who testified that the fingerprint did not match Martin's. Martin now submits affidavits of two new fingerprint experts who also state that the print from the crime scene does

not match Martin's. He moves for an evidentiary hearing on this issue.

The issue of the validity of the State's fingerprint evidence was well brought out at trial. It was also an issue presented on appeal. See *State v. Martin* (1987), 226 Mont. 463, 465-66, 736 P.2d 477, 478-79. We hold that the affidavits and argument now submitted by Martin are merely cumulative and do not entitle him to post-conviction relief. We deny his motion for an evidentiary hearing on this issue.

## II and III

### *Judicial and Prosecutorial Misconduct*

Martin claims that several comments made at trial by the judge and by the county attorney amounted to misconduct on their parts. Some of the judge's comments were addressed on direct appeal, where this Court held that they did not constitute reversible error. *Martin*, 736 P.2d at 479-80. As the State points out in its brief, those claims are barred from further consideration in post-conviction proceedings. *McKenzie v. Osborne* (1981), 195 Mont. 26, 32-34, 640 P.2d 368, 372-73.

As to those judicial and prosecutorial comments not raised on direct appeal, § 46-21-105, MCA, governs:

"What grounds for relief waived if not raised. All grounds for relief claimed by a petitioner under this chapter must be raised in his original or amended petition. Any grounds not so raised are waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition. *When a petitioner has been afforded a direct appeal of his conviction, grounds for relief that could reasonably have been raised on direct appeal may not be raised in his original or amended petition.* [Emphasis supplied.]"

We hold that the claims of prosecutorial and judicial misconduct which were not raised on direct appeal are procedurally barred in this petition.

## IV

### *Ineffective Assistance of Counsel at Trial*

■ This claim is based on defense counsel's failure to 1) send the fingerprint evidence to the Montana Crime Lab for analysis, 2) file a motion to dismiss for insufficient evidence, 3) file a motion to suppress, and 4) object at trial to the comments of the judge and the county attorney which are now raised in the judicial and prosecutorial misconduct claims.

The Court has reexamined the trial court record in this case in light of the above claims. We note that counsel procured an independent expert to examine and analyze the fingerprint evidence used by the State; that he made a motion for directed verdict at the close of the State's evidence; and that the gist of the case for the defense was the unreliability of the State's fingerprint evidence. Defense counsel's affidavit submitted in relation to this petition states that, as a tactical matter, he chose not to object to the comments of the judge and the prosecutor about which Martin now complains. Because the most egregious of the remarks were raised on appeal, and were not found as grounds for reversal, we see no deficiency in trial counsel's choice not to object. After reviewing the record, we conclude that trial counsel's performance was not deficient and prejudicial, as required under *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed 2d 674, to support a claim of ineffective assistance of counsel.

## V

### *Ineffective Assistance of Appellate Counsel*

■ Martin alleges that his counsel on appeal gave him ineffective assistance because she failed to raise all legitimate legal issues relating to judicial misconduct and ineffective assistance of trial counsel. He also states that she failed to use a written statement from one of the experts cited under Issue I, above, that Martin's fingerprint did not match the one found at the crime scene.

It is not necessary that appellate counsel raise every colorable issue on appeal. *Jones v. Barnes* (1983), 463 U.S. 745, 750-54, 103 S.Ct. 3308, 3312-14, 77 L.Ed.2d 987, 992-95. The Court has reviewed the record and concludes that Martin's appellate counsel raised those

issues most worthy of review and argued them well. The allegation of ineffective assistance of counsel on appeal is not supported in the record.

## VI

Having considered the issues raised in Martin's petition for post-conviction relief and the response thereto and concluding that none of the issues raised have merit, this court hereby ORDERS that the petition is dismissed as a matter of law for failure to state a claim for relief.

DATED this 19th day of December, 1989.

> s/J.A. Turnage, Chief Justice
> s/John Conway Harrison, Justice
> s/Diane G. Barz, Justice
> s/John C. Sheehy, Justice
> s/William E. Hunt, Sr., Justice
> s/Fred J. Weber, Justice
> s/R.C. McDonough, Justice