No. 92-576

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

STATE OF MONTANA,

      Plaintiff and Respondent,

-vs-

SCOTT SOR-LOKKEN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and for the County of Sanders,
The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Scott D. Sor-Lokken, Pro Se, Deer Lodge, Montana

      For Respondent:

          Hon. Joseph P. Mazurek, Attorney General, John
Paulson, Ass't Attorney General, Helena, Montana

          Robert Slomski, Sanders County Attorney, Thompson
Falls, Montana

FILED

JAN 20 1994

Filed: *Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: November 5, 1993

Decided: January 20, 1994

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Scott Sor-Lokken (Sor-Lokken) appeals a decision of the Twentieth Judicial District Court, Sanders County, deeming his pro se documents to be a motion for appointment of counsel and a petition for post-conviction relief and denying the same. We affirm.

The only issue on appeal is whether the District Court properly considered the pleadings filed by Sor-Lokken to be a motion for appointment of counsel, which was denied, and a petition for post-conviction relief, which was subject to dismissal as a matter of law.

Sor-Lokken was convicted of two counts of felony assault and was sentenced to two concurrent terms of ten years in the Montana State Prison and was designated a dangerous offender. He appealed that conviction, which was affirmed by this Court. State v. Sor-Lokken (1990), 246 Mont. 70, 803 P.2d 638.

In a separate proceeding, Sor-Lokken was convicted of one count of felony sexual assault and one count of incest. He was sentenced to twenty years on the felony sexual assault count, with five years suspended, and to ten years on the incest count, with the sentences to be served concurrently. He was also designated a dangerous offender. Sor-Lokken also appealed that conviction, which was affirmed by this Court. State v. Sor-Lokken (1991), 247 Mont. 343, 805 P.2d 1367.

Sor-Lokken subsequently sent a pro se document to the District

2

Court, which was received on July 9, 1992. In this document, Sor-Lokken stated that he "would like to file a petition for post conviction" and "would like to have an attorney appointed to do this." The remainder of the document set forth various allegations concerning the effectiveness of his trial counsel. Sor-Lokken claimed, among other things, that his attorney failed to object to certain evidence, failed to utilize certain affirmative defenses (insanity and alibi), failed to present a timely motion for a new trial, failed to prevent him from testifying at trial, and failed to renew motions for an investigator and an expert witness.

The Sanders County Attorney treated the document as a petition for post-conviction relief and filed a motion to dismiss. On August 12, 1992, Sor-Lokken filed another pro se document entitled "Amended Post Conviction." In this document, Sor-Lokken included another list of the alleged deficiencies of his trial counsel, although he contended that the first document he filed merely sought to have counsel appointed for post-conviction proceedings. On August 18, 1992, Sor-Lokken filed a third pro se document entitled "Motion to Appoint Counsel for Post Conviction Relief." In this document, Sor-Lokken again complained of his trial counsel's alleged inexperience and errors.

On September 1, 1992, the District Court issued an order addressing the various documents on file. The court construed the pro se documents filed by Sor-Lokken to be a motion for appointment of counsel and a petition for post-conviction relief. The District Court denied the motion for appointment of counsel and granted the

3

State's motion to dismiss the petition for post-conviction relief. In the memorandum opinion accompanying the order, the District Court noted that, at the commencement of both the underlying criminal proceedings, the District Court appointed James Handley (Handley) to represent Sor-Lokken; however, Sor-Lokken refused Handley's assistance and discharged him. The District Court then appointed the attorney of Sor-Lokken's choice, Roger Kehew (Kehew), to represent him. Kehew represented Sor-Lokken through both trials.

Following the conclusion of both trials, the District Court appointed Dan McGregor (McGregor) to represent Sor-Lokken on appeal. McGregor reviewed the record in both cases and advised the District Court and Sor-Lokken that his best chance for success on appeal was to raise the issue of ineffective assistance of trial counsel. Sor-Lokken apparently disagreed and discharged McGregor; he then privately retained Kehew to represent him in both appeals to this Court.

The District Court viewed Sor-Lokken's pro se documents as a claim for post-conviction relief based upon ineffective assistance of trial counsel. The court concluded that Sor-Lokken was procedurally barred from raising this issue in a petition for post-conviction relief, as he had the opportunity to appeal this issue with the assistance of court-appointed counsel, and dismissed the petition.

On September 30, 1992, Sor-Lokken filed a "Notice of Intent to Appeal Petition and Motion for Attorney and Post Conviction."

4

Our standard of review relating to discretionary district court rulings is whether the court abused its discretion. Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 475, 803 P.2d 601, 603-04. Our standard of review relating to conclusions of law is whether the trial judge's interpretation of the law is correct. Steer, Inc., 803 P.2d at 603. In considering the standard of review in this case, we must consider two standards. This Court has held:

> [I]n reviewing conclusions of law, our standard of review will be merely to determine if the agency's interpretation of the law is correct, instead of applying an inappropriate abuse of discretion standard.
>
> . . .
>
> Our standard of review relating to conclusions of law is not to be confused with our review of discretionary trial court rulings. This has been defined as "encompassing the power of choice among several courses of action, each of which is considered permissible." See Aldisert, The Judicial Process, 1976, page 759.

Steer, Inc., 803 P.2d at 603-04.

We note that there is no constitutional requirement that counsel be appointed in a post-conviction proceeding, as it is civil in nature. In re Petition of Martin (1989), 240 Mont. 419, 420, 787 P.2d 746, 747. The appointment of counsel in a post-conviction proceeding is discretionary. Section 46-8-104, MCA (1991). Upon reviewing the record in this case, we hold that the District Court did not abuse its discretion in denying Sor-Lokken's motion for appointment of counsel for the purposes of post-conviction proceedings.

We must, therefore, look to whether the District Court erred

5

in treating the three pro se documents filed by Sor-Lokken as a petition for post-conviction relief. This Court frequently looks to the substance of a pro se pleading and often considers the same a petition for post-conviction relief, despite its denomination by the pro se petitioner. See Dahlman v. District Court (1985), 215 Mont. 470, 698 P.2d 423; State v. Laverdure (1984), 212 Mont. 31, 685 P.2d 375. These pro se documents are often liberally construed to allow a review of the underlying claims. See United States v. Young (9th Cir. 1991), 936 F.2d 1050. Here, the District Court looked to the substance of Sor-Lokken's claims in order to determine if there was a basis for the relief sought in the post-conviction pleadings.

We have previously held that a claim of ineffective assistance of counsel which could have reasonably been raised on direct appeal was procedurally barred from post-conviction proceedings. In re Petition of Evans (1991), 250 Mont. 172, 173, 819 P.2d 156, 157. In this case, Sor-Lokken had the opportunity to raise the issue of ineffective assistance of counsel two separate times, in either or both of his prior appeals to this Court. He failed to do so; therefore, he is barred from raising this issue in a post-conviction proceeding. The District Court properly dismissed the petition under § 46-21-201, MCA (1991), which provides, in pertinent part:

> (1) . . . Following its review of the responsive pleading, the court may dismiss the petition as a matter of law for failure to state a claim for relief or it may grant a prompt hearing on the petition. . . .

In this case, no hearing on the petition was held, because the

6

District Court determined that, as a matter of law, the petition failed to state a claim upon which relief could be granted. We hold that the District Court properly treated Sor-Lokken's pro se documents as a petition for post-conviction relief, and properly dismissed the same.

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

Justice

We concur:

Justices

7

January 20, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

SCOTT D. SOR-LOKKEN
700 Conley Lake Rd.
Deer Lodge, MT 59722


ROBERT SLOMSKI, County Attorney
Sanders County
P.O. Box 519
Thompson Falls, MT 59873


HON. Joseph P. Mazurek, Attorney General
        , Assistant
Justice Bldg.
Helena, MT 59620


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy