JUSTICE NELSON
specially concurs.
¶99 I concur with the Court’s opinion on all issues with the exception of Issue 7 — whether the trial court erred in admitting the testimony of Officer Grubbs as to the “ejection pattern” of the SKS rifle as expert testimony. With regard to this issue, I, nonetheless, agree with the result of the Court’s discussion.
¶ 100 The degree of a witness’s qualification affects the weight of the expert’s testimony, not its admissibility. State v. Martin (1987), 226 *428 Mont. 463, 466, 736 P.2d 477, 479 (citing State v. Berg (1985), 215 Mont. 431, 434, 697 P.2d 1365, 1367). Here, Officer Grubb’s experience and associated knowledge in handling and shooting an SKS assault rifle (experience and knowledge not possessed by the ordinary lay person); his investigation of the location of the shell casings and observation of broken driver’s side glass from the victims’ car; and his reliance on prior testimony concerning the location of the vehicles taken together constituted sufficient foundation to qualify him as an expert under Rule 702, M.R.Evid. Although, the weight of his testimony was subject to attack by cross-examination and refutation, Officer Grubb’s opinions were, nevertheless, admissible as expert testimony on the “ejection pattern” issue. I do not agree that the District Court abused its discretion in admitting this testimony as expert testimony.