DA 13-0073

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2013 MT 195N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

JEREMY CORD WOODS,

       Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDC 1994-155
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         Jeremy Cord Woods, self-represented litigant; Shelby, Montana

      For Appellee:

         Timothy C. Fox, Montana Attorney General; C. Mark Fowler, Assistant
Attorney General; Helena, Montana

         Leo Gallagher, Lewis and Clark County Attorney; Helena, Montana

Submitted on Briefs:  June 26, 2013

Decided:  July 16, 2013

Filed:

_____
                     Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 This is Jeremy Cord Woods's third appeal to this Court. In *Woods I*, we affirmed his October 1995 conviction of two counts of deliberate homicide. *State v. Woods*, 283 Mont. 359, 363, 942 P.2d 88, 91 (1997). In *Woods II*, we affirmed the District Court's denial of his petition for postconviction relief. *State v. Woods*, 2005 MT 186, ¶ 1, 328 Mont. 54, 117 P.3d 152. Woods now appeals an order from the Montana First Judicial District Court, Lewis and Clark County, denying his motion to compel testimony from his former attorneys. We affirm.

¶3 Woods filed his motion to compel in October 2012. He stated his ultimate goal was to "file a petition for habeas corpus under the auspices of" *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399 (2012), challenging his conviction by arguing that his attorneys violated his right to counsel during plea bargaining when they failed to communicate any plea offers to him.[1] Woods stated that he had written his trial attorneys, Randi Hood and James Obie, to ask whether they had received a plea offer, but neither replied. Unless the

---

[1] We note that, under Montana law, the writ of habeas corpus "is not available to attack the validity of the conviction or sentence of a person who has been adjudged guilty of an offense in a court of record and has exhausted the remedy of appeal." Section 46-22-101(2), MCA.

District Court compelled his former attorneys to answer his questions, Woods argued, he would be "prevented from pursuing this avenue of post conviction relief." The District Court denied the motion, reasoning that Woods's case had been closed since 2006 and that there was "no basis for granting a motion to compel."

¶4 On appeal, Woods contests that conclusion. He argues that "a criminal case is never 'closed'" and that a District Court has inherent power to compel testimony from any person residing within its jurisdiction. He also contends that the Supreme Court's decision in *Frye* is "new evidence" that would allow him to file a second petition for postconviction relief pursuant to § 46-21-102(2), MCA. Woods acknowledges that he has no evidence to support his claim of uncommunicated plea offers; nonetheless, he posits that, given the seriousness of the charges and the fact that he confessed, it is only reasonable to infer that there had to have been a plea offer made.

¶5 Since there was no proceeding pending at the time it was filed, Woods's motion is best viewed as a petition for postconviction relief. *See State v. Laverdure*, 212 Mont. 31, 32-33, 685 P.2d 375, 376 (1984). Postconviction relief proceedings "are not a discovery device" by which a petitioner may compel discovery or testimony. *Smith v. State*, 2000 MT 327, ¶ 28, 303 Mont. 47, 15 P.3d 395. We denied Woods's first petition for postconviction relief and rejected his ineffective assistance of counsel claims. *Woods II*, ¶¶ 33-34. Montana law precludes him from asserting a second petition on grounds that could reasonably have been raised in that proceeding. Section 46-21-105(1)(b), MCA. Moreover, the Supreme Court's decision in *Frye* does not allow Woods to file a second

petition for postconviction relief, because it is not "newly discovered evidence that . . . would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted[.]" Section 46-21-102(2), MCA.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Woods does not raise grounds sufficient to meet any exception to the statutory provisions that bar him from seeking relief so long after his conviction, and there was no basis upon which the District Court could have "assisted him" in his request. The District Court correctly applied the law in denying Woods's motion to compel.

¶7 Affirmed.


/S/ BETH BAKER


We concur:

/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ JIM RICE


4